## BALLEN *v.* FARNSWORTH.

PRACTICE. *Power of Court over judgment after close of term.*

1. After the close of the term at which a judgment is rendered, a Court can only amend the same by matter of record. (3)  (But see the code 2877 *et seq*).

SAME. *Matter of record, what is.*

2. An opinion of the Supreme Court filed in the cause in which it was rendered, is in the nature of a record. (3)

SAME. *Matter of Record, what is not.*

3. The rough minutes of the judge are not matter of record; and to amend the record in a cause by them after the close of the term, is ' error. (3)  (But see the Code, 2877, *et seq.*)

Sneed moved to remand this cause to the Circuit Court, to the end that an entry of record disposing of a motion to dismiss for champtrey might be suplied. He stated that the record below did not show the fact, but that the rough minutes of the Court did.

TOTTEN J ;

The motion here is to remand the cause to have the record amended.

This cannot be done. The question is similar to that in a case recently decided by us at Nashville. (1)

There a judgment was entered by mistake for an amount different from that found by the jury. At the next term it was amended by the rough minutes and the judges notes. This we held to be error, and the judgment was reversed.

After the term, the Court has no power over the record, except to amend by matter of record. The farthest this Court has ever gone was to amend an entry made by mistake, by a written opinion of this

(1  Williams v. Tenpenny, 11 Humph. 176.

Ballen v. Farnsworth.

Court filed in the cause (2) we held that the opinion being filed by the requirement of the statute, was in the nature of a record. But the notes of a circuit judge are not in the nature of a record, being mere parol proof and evidence in pais. [3]

(2) Crutchfield v. Stewart, 1 Humph. 380, and the cases there cited by the Council for the motion.

(3)· See McNew's Executor v. ——, *Supra* Witt v. Griggsley, *Infra*; Farris y. Kilpatrick, 1 Humph. 379; Ridgway v. Word, 4 Humph. 430; Blake v. Dum, 5 Humph. 578.

But now, see the Code, 2877, 2878, 2879. The Supreme court will remand for amendment, when; Wilson v. Smith, 5 Yerg. 379, 406; Stovall v. Bowers, 10 Humph. 560; McCaudless v. Polk, 10 Humph. 617, 620, 621, when not, where ·the amendment was not, and might not be asked for in the Court below. Cain v. Kusey, 1 Yerg. 443.

Where the amendment can be made in the Supreme Court. Overton v. Crabb, 4 Hayw. 109, *Contra*, Smith v. Carden, 1 Swan, 28; See also Huff v. Lake, 9 Humph. 137, 139, See also Calhoun v. Sillard, 4 Hayw. 307. But now the amendment may be made in the Supreme Court where it is in furtherance of the judgment. Bank of Tennessee v. Martin, *Infra.*