ALBERT H. BURROUGHS *vs.* ELIZABETH E. CUTTER.

WILLIAM W. CUTTER, In Equity,

*vs.*

OSCAR H. HERSEY, Admr., and others.

Cumberland. Opinion November 30, 1903.

*Will. Power of sale,* not exercised. *Equity,* Construction of will.
*Jurisdiction,* Multiplicity of suits. *Guardian,* Sales by, void.

1. When an executor is given power in the will to apply the property of the testator to the support and education of a minor child and is authorized to sell and convey property for that purpose, and dies without having done so, the power and authority do not pass to the minor nor to his guardian unless expressly so stated in the will.

2. In this case there was no provision in the will giving such power to the guardian of the minor and hence a sale and conveyance by him of real estate of the testator, though under regular license from the probate court, passed no title.

3. The will in this case having been once construed by the court at the suit of the administrator de bonis non and the rights of the devisees thereunder fully defined, the court declines to entertain a bill by a guardian of a minor devisee to obtain an opinion as to his powers and duties as such guardian.

4. What the guardian shall do with money received by him under a void sale of what he supposed was his ward's estate, is not a question to be determined in a suit for the construction of a will.

5. The fact that several lots of land are claimed under the same title does not alone give the court jurisdiction in equity to determine the title in order to avoid multiplicity of actions. It must further appear that an action at law will not fully determine the question.

See *Purington* v. *Hersey*, 96 Maine, 166.

On report. Judgment for plaintiff in action at law. Bill in equity dismissed.

Real action against a purchaser from the guardian of Marie J. Purington, to recover a lot of land claimed to have been conditionally devised to the demandant, one of the legatees, by the second item of the will of Helen J. Purington, deceased; and bill in equity against Selina Purington, Admr., Solomon Haskell, and Albert H. Burroughs, asking for a construction of the will. The prayer of the bill was as follows:—

"Wherefore to save a multiplicity of suits, your orator prays that the court will construe the provisions of said will, and will particularly determine:

1. "Whether, under said will, such title to these several parcels of real estate described therein vested in said Marie J. Purington as to enable her guardian to sell and convey the same under proper proceedings in the Probate Court, to provide means necessary for the support and education of his ward.

2. "If this question is answered in the affirmative, and if the sale of the Burroughs' lot was otherwise valid, to whom shall the guardian pay the balance in his hands, as stated in the ninth paragraph.

3. "And also determine and state whether any, and if any, what interest or estate under the terms of said will vested in said Dora Purington or her heirs.

4. "And for such further and other relief as the nature of your complainant's case may require and to your Honors may seem meet."

The case appears in the opinion.

*F. M. Ray*, for plaintiff Burroughs, in action at law.

*J. H. Drummond, Jr. and Wm. Lyons*, for defendant Cutter, in action at law.

*J. H. Drummond, Jr. and Wm. Lyons,* for plaintiff Cutter, in equity.

*F. M. Ray; Enoch Foster and O. H. Hersey; L. T. Mason and Gorham N. Weymouth; Wilford G. Chapman,* for defendants, Hersey, Admr., and others.

SITTING: EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

EMERY, J. The first case is an action at law, a writ of entry, to recover possession of a parcel of land in Westbrook. The second case is a bill in equity to determine the construction of the will of Helen J. Purington deceased. We will first consider the former case, the action at law.

I. The plaintiff shows title as devisee under the will of Helen J. Purington deceased, by the first and second clauses of which the demanded land was devised to Marie J. Purington, her heirs and assigns forever, provided she reached the age of twenty-one years or left issue, and in case she died without issue before arriving at that age, the demanded land was devised to Mr. Burroughs, the plaintiff, in fee. Marie J. Purington died without issue before becoming of age, and hence by the terms of those clauses the demanded land vested in the plaintiff in fee. *Hersey* v. *Purington,* 96 Maine, 166.

The defendant claims title under a sale and conveyance of the demanded land to him by the probate guardian of Marie J. Purington, made before her death and after the death of the testatrix, under a license from the probate court.

If nothing further were made to appear it is clear that such sale and conveyance were futile to divest the plaintiff of his estate under the will, and that judgment must be for the plaintiff. The guardian could convey no more than the ward could, and the ward's estate in the demanded land utterly ceased at her death.

But the defendant goes further and invokes the fourth clause of the will as follows:

"I order and direct my executrix herein named to apply all, or whatever is necessary, of the rents, profits and income of my real and personal estate to the support and education of my said daughter

Marie J. Purington, giving her a high school, and if she desires a seminary or collegiate, education and should the rents, profits and income of my estate, real and personal prove insufficient for that purpose, I order and direct my executrix to first sell the real estate situated on the westerly side of Spring Street in said Westbrook, and after the proceeds of the same shall have been applied to the support, clothing and educating as aforesaid of my said daughter, Marie J.; and should they prove insufficient, I order and direct my executrix to next sell the house and lots situated on Stroudwater Street near , the Portland and Rochester Railroad, and should that also prove · insufficient, for said purposes, I order and direct my executrix to sell the house and lot situated at the corner of Main and Stroudwater Streets, being the one in which I now live;—and it is my wish and desire, and I so order and direct that nothing contained in the second (2) provision herein made shall prevent, or in any way interfere in, my executrix disposing of the whole of my estate, real, personal and mixed, for the support, clothing and educating as aforesaid of my said daughter Marie J. Purington."

In the second clause of the will the devise to the plaintiff is made contingent on the land not having been sold under this fourth clause. Dora Purington was appointed executrix but had died without having disposed of any part of the real estate of the testatrix under the . fourth clause, and before the death of Marie and before the beginning of proceedings by the guardian of Marie to make sale.

Upon the death of Dora, the executrix, did her power or interest in the demanded land, under this fourth clause of the will, pass to Marie, or her guardian, so as to become the subject of a probate sale of real estate? We think not. There is no provision in the will that it should, and we know of no such provision in any statute or rule of law. The testatrix must have intended that some person or persons other than Marie herself, a minor, should dispose of the property and expend the proceeds. In *Clifford* v. *Stewart*, 95 Maine, 41, the will read "I give to my grandchildren one thousand ($1000) to each one, and I wish and direct that this shall be devoted · and expended for their education." The grandchildren were minors and the court held they were incapable in law of receiving and apply-

ing the funds for themselves, and that the testatrix must have intended some other person to hold the fund and execute the trust.

The defendant argues that the administrator de bonis non with the will annexed, after the death of the executrix, could not execute the power or hold the interest devised under the fourth clause, since the trust and confidence of the testatrix were reposed only in the executrix, Dora. If this argument be sound then a fortiori the guardian of Marie could not exercise the power and trust so reposed. He is further removed from the testatrix and her estate than is the successor to the executrix.

The defendant argues also that the interest of Dora, the executrix, in the land under the fourth clause of the will was heritable, and that Marie as an heir of Dora inherited half the land upon Dora's death. As already explained, the estate of Dora under the fourth clause, whatever it was, was solely to enable her to execute the trust or power therein conferred, and upon her death was to vest only in such persons, if any, as were empowered to execute that trust or power. Marie, the infant beneficiary, was not empowered by the will or by the law to exercise that power. *Clifford* v. *Stewart*, supra.

The question is mooted who could exercise this power or execute this trust, if not the guardian of Marie? That question does not arise in this case, and hence is not answered. The plaintiff, however, cites upon the point: R. S. (1883), c. 64, § 21; *Clifford* v. *Stewart*, 95 Maine, 46, and other cases in Maine under that statute.

It follows that the defendant took no title from the conveyance to him, and that judgment must be for the plaintiff.

II. The will of Helen J. Purington disposed of her entire estate real and personal. It has been fully construed by this court at the suit of the administrator de bonis non with the will annexed, as reported in *Hersey* v. *Purington*, 96 Maine, 166. In that opinion the estates of all the devisees were defined sufficiently for their guidance and that of the administrator and no further opinion was asked for. The costs of that suit were made a charge on the estate. The present bill is brought by one who is neither administrator, nor devisee, nor even heir. The remaining questions are not between

devisees, nor between administrator and devisees, but only between the heirs or representatives, and grantees of a deceased devisee, and only concern title to real estate. Such questions mooted by persons claiming under such devisees should be determined in an action at law, or under some circumstances by a bill in equity to quiet title. They do not concern the estate of the testatrix and are not within the scope of the statute giving the court jurisdiction in equity to construe a will. *Jackson* v. *Thompson*, 84 Maine, 44; *Hersey* v. *Purington*, 96 Maine, 166; *Burgess* v. *Shepherd*, 97 Maine, 522.

Nor can the bill be maintained under the head of avoidance of multiplicity of actions. So far as appears, one action will determine the question of title finally as between any two claimants or sets of claimants.

Nor can the bill be maintained for the purpose of informing the guardian of Marie J. Purington what to do with the money he received from purchasers under his attempted sales of land. If he is only a stakeholder and is threatened with conflicting suits, he may bring a bill of interpleader against the conflicting claimants. The question is not within the scope of the statute under which this bill was brought.

No other grounds are suggested upon which the bill can be sustained and we think it must be dismissed for want of jurisdiction in equity, but without costs since the respondents have not objected on that ground.

> *In the action at law judgment for the plaintiff*
> *with damages assessed at one dollar.*
> *Bill in equity dismissed.*