In Equity.

## CATHERINE F. HASELTINE,

*vs.*

## ALVAH J. SHEPHERD, et als.

Penobscot.　Opinion February 22, 1905.

*Equity. Jurisdiction. Construction of Wills. Life Estate. R. S. 1857, c. 77, § 8, par. 7. R. S. 1903, c. 77, § 5, c. 79, § 6, par. 8.*

Where a testator devised to his wife his estate to hold to her sole use and benefit during her natural life, and the will provided that in the event she married again, her rights in the property should cease and determine the same as if she were dead; and further provided that until said widow so remarried she should have full power to control and dispose of said property, or any part thereof, if needed for her support and benefit; and the remainder over was given to the testator's children,— *Held:*

1. The widow can convey the real estate devised to her in fee simple in her lifetime, before remarriage, if needed for her support and benefit.

2. The rights and interests of the widow in the property devised to her will terminate should she marry again.

3. The Supreme Judicial Court has jurisdiction in equity under R. S., c. 79, § 6, paragraph VIII to construe a will upon the bill of a devisee, and to determine the character of the estate received by him under the devise, and the extent of his powers thereunder, as between himself and other devisees who claim, or may claim, adversely to him. It is not necessary that the claim should be controversial and litigious. · It is sufficient if doubts exist out of which litigious claims may arise between the devisees.

4. The court will not assume jurisdiction to construe a will unless its language is such that the parties interested may reasonably have doubts concerning its true meaning, nor unless the party asking the questions has an interest in having the questions answered.

Equity.　On report.　Decree in accordance with the opinion.

Bill in equity to obtain the construction of the will of Joseph M. Haseltine, late of Dexter, Maine. After demurrer by defendants the parties agreed to report the same to the law court for determination.

All questions of law and fact to be open upon this report as fully as upon appeal and exceptions.

The opinion states the facts.

*F. D. Dearth, Forrest J. Martin* and *Howard M. Cook,* for plaintiff.

*D. D. Stewart,* for defendants.

SITTING: WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J. This bill in equity is to obtain a construction of the will of Joseph M. Haseltine, brought by the widow who is a devisee. The bill alleges, and hence the demurrer admits, that all persons interested are parties to the proceeding. The part of the will which is said to be of doubtful construction is as follows:

"To my beloved wife, Catherine F. Haseltine, I give, bequeath and devise all the rest and residue of my estate both real, personal and mixed, and all rights and credits thereunto belonging, to have and to hold to her sole use and benefit during the full term of her natural life, unless she shall marry again, in which event her rights in said property shall cease and determine the same as if she were dead. But until said death or remarriage she shall have full power to control and dispose of said property or any part thereof if needed for her support and benefit.

To the children of my daughters, Mary and Elizabeth before named, I give, bequeath and devise whatever may remain of said property, above described, at the decease or remarriage of my said wife, Catherine F. Haseltine, the same to be equally divided among them."

The complainant asks whether she can sell and convey the real estate devised to her in fee simple, in her lifetime, before remarriage, and whether her rights and interests in all of the property bequeathed and devised will terminate, should she marry again.

In *Burgess* v. *Shepherd,* 97 Maine, 522, a construction of the same will was sought by the executor, but we dismissed the bill, on the ground that, as executor, he had no interest in the residuary estate,

after he had turned it over to the widow, as it was plainly his duty to do, and that in the administration of the estate, it did not concern him to know whether the widow could sell in fee simple, or whether her rights would terminate upon remarriage. These were questions, it was held, which concerned only the life tenant or her assigns, and the reversioners or remainder men.

Now, again, these same defendants resist stoutly any interpretation of the will by the court, even upon the bill of the devisee, who certainly is interested in the estate. It is contended that the court has no jurisdiction to answer questions like these, not to aid administration, but to inform the devisee what are her rights. It is said that as between the devisees under a will, the court ought not and cannot pass upon titles to property devised, at least until controversies arise, and that when controversies are ripe for litigation, the parties should be remitted to their remedies at law. And it has been suggested that even if the court has jurisdiction, in a case like this, it ought not to be exercised until an exigency has arisen which requires a construction of the will. The learned solicitor for the defendants, however, denies that we have any jurisdiction in this case, and says that in all the history of litigation in this state since the statute for the construction of wills on bill in equity, R. S. 1857, c. 77, § 8, par. 7, was enacted, the court has never assumed jurisdiction over "questions between legatees or devisees depending upon the legal titles of the parties under a will, as between themselves, in which the executor had no interest," except in the case of *Baldwin* v. *Bean*, 59 Maine, 481, which case we shall refer to hereafter. If there is any question concerning the scope of a jurisdiction which has been invoked in several score of cases within the last fifty years, it is time that it was settled.

The phraseology of the statute of 1857 has remained unchanged to the present time, R. S. 1903, c. 79, § 6, par. VIII. It confers jurisdiction upon the court in equity "to determine the construction of wills and whether an executor, not expressly appointed a trustee becomes such from the provisions of a will; and in cases of doubt, the mode of executing a trust, and the expediency of making changes and investments of property held in trust," It is evident that this

case does not fall within any of the provisions relating to trusts, or trustees. No trust is involved here. No question is asked respecting the mode of executing any trust. The complainant does not appear here as a trustee. She only seeks information as to her personal rights. In *Merrill* v. *Hayden,* 86 Maine, 133, a case in some aspects very much like this, the court said, of a devise to one for life, with power to spend the income and so much of the principal as the devisee should need;—"There is nothing in the will creating a trust fund. . . . All the property was given directly to Maria to hold for life and to be spent by her, income and principal, so much as she should need. Only the excess at her death over her needs during life, was to go over to anyone. The control was given to her. There is no suggestion of any guardian or testamentary trustee." *Richardson* v. *Richardson,* 80 Maine, 585.

The jurisdiction of the court must be found, if at all, in the clause, "to determine the construction of wills." And here our attention is called to the fact that there is no punctuation mark whatever separating the phrase just quoted from the remainder of the sentence. If this has any significance it would seem to be that the power to construe wills exists only in connection with the provisions which relate to trusts. It is enough, however, at this time, to say that the court has never considered itself so limited. It has answered hundreds of questions having no reference to trusts. Punctuation is an uncertain guide. It may aid, and frequently does aid, the court in construing contracts, wills and statutes. But in many cases the meaning is so evident, notwithstanding the punctuation, that the court feels compelled to disregard it. *State* v. *McNally,* 34 Maine, 210; *Palmyra* v. *Nichols,* 91 Maine, 17.

Much light may be gathered by examination of the decided cases, where the court has either discussed its jurisdiction, or has assumed or declined to assume jurisdiction in cases analagous to the one now under consideration. The question of jurisdiction seems to have been first raised in *Baldwin* v. *Bean,* 59 Maine, 481. In that case the bill was brought by the executrix who was also devisee. See *Burgess* v. *Shepherd,* 97 Maine, 522. The only question asked was whether the complainant as devisee took an estate in fee simple, or

an estate for life only. It does not appear that any question of administration was involved. It was a question which concerned only the devisee and the heirs among themselves. The jurisdiction of the court was questioned by the defendants. "They say," said Walton, J. "they have never in any way interfered with the lands devised, and they deny the authority of the court to determine the rights of the parties in advance of any actual controversy." The right of the devisee, in case of actual controversy, to ask for a construction of the will, was not raised, but was necessarily assumed by the court when it answered the questions. With respect to the point which was raised the court said: "We have had grave doubts whether this objection is not well taken. But the statutes of this state, R. S., c. 77, § 5, provide that this court shall have jurisdiction as a court of equity, to determine the construction of wills; and we are inclined to think it was the intention of the legislature to secure to the parties in interest the right, in all cases of doubt, to have the opinion of the court as to the legal effect of a will even in advance of any actual controversy.

"It is an old maxim that an ounce of prevention is worth a pound of cure; and this is as true in law as in medicine. To prevent litigation is better than to end it. If by a bill in equity the parties in interest can all be brought before the court at one time, not only may a multiplicity of suits be avoided, but a just result much more certainly obtained. And by removing any cloud that may rest upon their titles, the owners will be enabled to deal with the property more understandingly; and if need be sell it for its true value; for purchasers will not then be deterred from buying it for fear they may buy a lawsuit with it. Influenced by these considerations, we think the statute, conferring upon this court jurisdiction in equity to determine the construction of wills, ought to be liberally interpreted; and that in all cases of doubt the parties should be allowed to have the opinion of the court, whether any actual controversies have arisen or not." This was not dictum. It was a judicial decision of the objection made to jurisdiction. The bill was sustained.

In *Baxter* v. *Baxter*, 62 Maine, 540, the court determined the nature of the devised estate, as between the devisee for life and the

heirs, and advised the devisee for life how, and under what conditions, he and the guardian of the heirs could convey the entire estate. In this case the necessity for such a sale was alleged.

In *Verrill* v. *Weymouth*, 68 Maine, 318, the disposition by will of the reversion of a house was determined, the court holding that an after born child took a vested remainder in fee simple, as devisee, which on his death descended to his mother.

In *Sampson* v. *Randall*, 72 Maine, 109, a bill brought by executors, the court was apparently asked to say what would become of the testator's property after certain life estates should end. But the court declined to answer, on the ground that it was a question "which in no way affects the executors." The court did however determine that certain devises created estates in fee, and certain others, life estates.

*Garland* v. *Garland*, 73 Maine, 97, was a bill brought by heirs against a devisee to determine the latter's interest under a devise. The bill was sustained, Barrows, J. saying, "It is apparent that the heirs of James Garland had an interest in having it judicially determined whether his [the devisee's] interest in the estate extended beyond the term of his own life."

*Mansfield* v. *Mansfield*, 75 Maine, 509, was a bill brought by the widow who was a devisee against the residuary devisee, to determine the character of the estate which she took in the realty, the complainant charging "that she is unable to make sale of the real estate because the respondent claims that she has not a fee, but only a life estate therein." She also alleged, in effect, that she needed the proceeds for her support. The court answered her question, unfavorably to her, however.

In *Nash* v. *Simpson*, 78 Maine, 142, a will had devised to the testator's widow "all my real and personal estate . . . . as long as she shall remain unmarried and my widow." The doubt stated in the bill was concerning the title to the reversion. The bill was brought by the devisee of one reversioner, who claimed an undivided half, against the devisee of another reversioner, who claimed the whole. The bill prayed for construction of the will and for partition, and was sustained so far as the prayer for

construction was concerned, no judgment being entered on the prayer
for partition.

In *Richardson* v. *Richardson*, 80 Maine, 585, the will gave the
residuum of the estate to the testator's widow "to her use and behoof
and dispose of for maintenance during her natural life." The re-
mainder over was devised equally to a daughter and a granddaughter
with some provisions respecting death of these devisees without
children and survivorship. The widow conveyed the property to her
daughter. After the death of the widow, the granddaughter brought
a bill to have the will construed, in order to determine the rights of
the respective remainder men. The court answered the questions,
and, in conclusion, Peters, C. J., said:

"There can be no doubt that we have jurisdiction to determine
these questions. All persons in the world who can by any possi-
bility be interested are parties to the proceeding. The statute benig-
nantly accords to the court jurisdiction to determine the construction
of wills, and, in cases of doubt, the mode of executing a trust.
Being a privileged suit the ear of the court should be open to it
to relieve parties from tedious and expensive family litigation."

*Whittemore* v. *Russell*, 80 Maine, 297, was a bill by the widow
who was a residuary devisee, with remainder over. The court
answered her questions, held that her interest was a life estate only,
and further advised her that she had no power of sale.

In *Morse* v. *Hayden*, 82 Maine, 227, a part of the questions asked
and answered related to duties of administration. But the court also
advised the executrix as to whether her own devise was absolute or
conditional, a matter which did not pertain to administration.

*Mann* v. *Jackson*, 84 Maine, 400, was a bill by the devisees of the
reversion against a devisee of a life estate. To the latter had been
given the homestead, house and lot for life, "unless she shall be mar-
ried, in which case her life estate shall cease." The life tenant after-
wards married. The court sustained the bill, and held that the tes-
tamentary provision in restraint of marriage was valid, and that the
life estate was terminated by the marriage.

*Jackson* v. *Thompson*, 84 Maine, 44, cited by defendant's solicitor,
was a bill to ascertain whether a trust had been created, and of

course was clearly within the equity statute. The court answered the questions generally, but declined to say whether the trustees should give bond or not, or to pass upon the validity of an assignment by a legatee.

*Loring* v. *Hayes*, 86 Maine, 351, was a bill by the devisee for life against remainder men, to determine their respective rights under the will and it was sustained.

*Taylor* v. *Brown*, 88 Maine, 56, was a bill by an executrix, who, as was decided, was a devisee in fee against one who claimed to be a devisee of a reversion. The only question was whether the complainant took an estate in fee, or one for life. The question was answered.

*Hamlin* v. *Mansfield*, 88 Maine, 131, related in part to administrative questions. But the court, besides answering these questions, answered questions asked in the answers of the defendants who were devisees, as to the effect of · their devises, and whether a devisee could convey.

In *Hersey* v. *Purington*, 96 Maine, 166, the court construed a trust arising under a will. It determined the character of the estate which a devisee took, it passed upon the power of the guardian of the devisee to make future sales, but declined, on the authority of *Jackson* v. *Thompson*, 84 Maine, 44, to express any opinion as to the validity of past sales.

In *Burgess* v. *Shepherd*, 97 Maine, 522, when this will was before us on another occasion, the executor's bill, as ·we have already stated, was dismissed, because it did not appear that he had any interest in having the will construed. The court, however, did intimate that the devisee, this plaintiff, might obtain a construction of the will, if she desired.

In *Burroughs* v. *Cutter*, 98 Maine, 178, the bill was by the grantee of the guardian of a trust beneficiary against heirs or representatives, and was brought virtually to determine the validity of a guardian's sale. The court dismissed the bill. After noticing the fact that the will in question had been once fully construed at the suit of the administrator de bonis non with the will annexed, Mr. Justice Emery used the following significant language: "The remaining questions are not *between devisees*, nor between administrator and devisees, but

only between the heirs or representatives, and grantees of a deceased devisee, and only concern title to real estate. Such questions mooted by persons claiming under such devisees should be determined in an action at law, or under some circumstances by a bill in equity to quiet title."

These are all the cases in this state which throw any light upon the question. While most of them are barren of any statement of facts tending to show that any exigency existed which made the interpretation by the court to be immediately useful to the parties, they do show the character of the interest in the construction of a will which a party must have in order to invoke the jurisdiction of the court. We have examined all the cases cited by the defendants from other courts. None of them give us any aid, for none of them invoke the construction of a statute like ours. The case of *Bangor* v. *Beal*, 85 Maine, 129, also cited, is not applicable. It was a bill by a trustee, asking for instructions.

In the light of the many decisions cited, we think there can no longer be any doubt but that the court has jurisdiction to construe a will upon the bill of a devisee, and to determine the character of the estate received by him under a devise, and the extent of his powers thereunder, as between himself and other devisees who claim, or may claim, adversely to him. It is not necessary that the claim should be controversial and litigious. It is sufficient, if doubts exist, out of which litigious claims may arise between devisees. Many of the bills referred to have been styled "amicable bills." They were cases where doubts existed as to the relative rights of the devisees under a will, as between themselves, and where an adjudication in advance would tend to prevent controversy.

The benign purpose of the statute, as expressed by Judge Walton in *Baldwin* v. *Bean*, is to prevent litigation, to avoid a multiplicity of suits, or to remove clouds that may rest upon titles, that their owners may be enabled to deal with the property more understandingly, and if need be to sell it for its true value. Chief Justice Peters in *Richardson* v. *Richardson*, 80 Maine, 585, said that a bill under this statute is a privileged suit, and that the ear of the court should

be open to it. The purpose of the statute thus happily stated has seemed to guide the court in all of its adjudications from *Baldwin* v. *Bean* until the present time.

It should be said however that the court will not feel itself bound to answer all questions which can possibly be asked by a devisee. It must appear that the language of the will is such that the parties may reasonably have doubts concerning its true construction. Other parties should not be subjected to the trouble and expense of appearing in court, or the possible hazard of not appearing, in cases where there is no doubt. Again the party asking the questions must have interest in having the questions answered.

In this case, we do not think it can well be said that the complainant has no interest in the construction of this will, in knowing the character of her estate and the extent of her power of disposal. It may not be that the time has arrived, or that it ever will arrive, when she will need to sell the estate or her interest in it. But to know whether she can sell it when needed may, and we think naturally will, affect her plans of living. It will enable her to deal with the property more advantageously. It would not accord with the spirit of the statute as it has been construed to deny her the knowledge until the moment of need has arrived, and then subject her, while in need, to the delays incidental to proceedings of this character.

We have more doubt as to whether, in the light of the recorded decisions of this court, accessible to the complainant or her advisers, there is any real doubt as to the construction of this will, and for that reason, whether the plaintiff is entitled to have this bill sustained. But as this objection has now been raised for the first time, and as we are satisfied from the history of the attempts to get this will construed, that doubts do exist, reasonable or otherwise, we are inclined, having uttered this caveat, to answer the questions.

We answer the questions as follows:—

1st. Catherine F. Hazeltine, the devisee named in the will, can convey the real estate devised to her and described in the bill, in fee simple, in her lifetime before remarriage, if needed for her support and benefit.

2nd. The rights and interests of Catherine F. Haseltine in the property bequeathed and devised to her will terminate, should she marry again.

*Decree accordingly.*