FRANK B. WILDER, et als., in Equity,

*vs.*

WALTER MORSE WILDER, et als.

Waldo.    Opinion November 18, 1916.

*Duty of Court in regard to rendering opinion upon past assignments or transfers. Revised Statutes, Chapter 79, Section 6, Paragraph VIII., interpreted.*

A testator died in Boston, Mass., on May 2, 1889, and his will was duly probated in Suffolk County, Mass., on May 27, 1889. Several trusts were created. The executors and trustees named therein were duly appointed, and on January 23, 1892, conveyed by deed to Frank B. Wilder as trustee for the purposes named therein certain real estate situated in Searsmont, Waldo County, Maine. William L. Wilder, the beneficiary for life in this trust deed, died on May 4, 1915, leaving a second wife and an adopted son. In September, 1915, one of the contingent beneficiaries in the trust deed deeded to another contingent beneficiary his interest in the real estate. On October 12, 1915, ancillary administration was taken out on the original will in Waldo County. Charles W. Wilder, Jr., and Frank B. Wilder were appointed executors. Six days later Charles W. Wilder, Jr., died. Upon a bill in equity brought by the surviving executor and the widow and children of Charles W. Wilder, the contingent beneficiary under the trust deed, against the widow and adopted son of the life beneficiary thereunder, asking the court to "construe and interpret the provisions of said will and said trust deed together and ascertain and determine the effect of said deed from said executors and trustees—and the respective rights of the complainants and the defendants and each of them in the premises" it is

*Held;*

1. That R. S. chap. 79, sec. 6, par. VIII., under which this proceeding is brought, relates solely to the construction of wills where a valid doubt is entertained as to their meaning, and does not empower the court to construe a trust deed.

2. That the rights of the parties here have become fixed under the conveyances already given and this court must decline in this form of proceeding to express any opinion as to the validity of past assignments and

transfers. If a legal cause of action between the interested parties has already arisen through transactions subsequent to the will, they must litigate their claims through the proper legal channel. The remedy sought here is not appropriate.

Bill in equity praying that the court will construe and interpret the provisions of a certain will and trust deed together and ascertain and determine the effect of said deed. In addition to this prayer in the bill, there were certain other requests, all purporting, in substance, to ask the court to pass upon the legality of certain deeds and certain other transactions. Answers were filed to said bill, and by agreement of parties questions of law having arisen, the case was reported to the Law Court upon bill and answer. Bill dismissed without costs. Decree in accordance with opinion.

Case stated in opinion.

*Dunton & Morse,* for plaintiff.

*A. S. Littlefield,* for Walter Morse Wilder and Estella L. Butler.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

CORNISH, J. Charles W. Wilder of Boston, Massachusetts, died testate on May 2, 1889. His will dated May 26, 1879, and a codicil thereto dated October 15, 1881, were duly proved and allowed in the Probate Court for Suffolk County, Massachusetts, on May 27, 1889. Calvin A. Richards, Charles W. Wilder, a son, Edgar A. Anthony, a son-in-law, and Frank B. Wilder, a son, were duly appointed executors and trustees. Various trusts were created, one in favor of a son William L. Wilder, the trust fund being ten thousand dollars.

At the time of his decease, the testator owned certain real estate situated in Searsmont in this State. Under the will the executors and trustees were empowered to sell and convey the whole or any part of any real estate left by him. Acting apparently under this general power but without previously taking out ancillary administration in Waldo county where the land lies, the executors and trustees conveyed the real estate in Searsmont by deed dated November 2, 1891, and delivered January 23, 1892, to one Andreas Blume of Boston, who on the same January 23, 1892, and as a

part of one and the same transaction, conveyed the same by deed to Frank B. Wilder as trustee for the purposes set forth therein. Under this trust deed William L. Wilder was to have the use and occupation of the real estate during his life time on certain conditions therein stated; also his wife, Minnie, at his decease, and at the death of the survivor or the remarriage of the widow said trustee was to convey the property to the child or children of William L., if any, if not then to Charles W. Wilder, Jr., and himself, Frank B. Wilder, and to the issue of either if he shall have previously deceased. These deeds were duly recorded in Waldo county registry on January 29, 1892.

William L. Wilder, the beneficiary for life in this trust deed, died May 4, 1915, leaving a second wife, he having been divorced in 1903 from his first wife, Minnie, and an adopted son, Walter Morse Wilder, the decree of adoption being dated August 14, 1906. In September, 1915, Charles W. Wilder, Jr., one of the contingent beneficiaries in the trust deed conveyed all his interest in this real estate to Frank B. Wilder, the other contingent beneficiary.

After all these conveyances had been made, twenty-six years after the original will had been probated in Massachusetts, and three of the four original executors and trustees had died or been otherwise incapacitated, on October 12, 1915, ancillary administration was taken out on the will of Charles W. Wilder, senior, in the Probate Court of Waldo county in this State, and Charles W. Wilder, Jr., and Frank B. Wilder were appointed executors. Six days later, on October 18, 1915, Charles W. Wilder, Jr., died and Frank B. is now the sole surviving executor in this State.

Subsequent to the death of Charles W. Wilder, this bill in equity was brought by Frank B. Wilder and by the widow and children of the beneficiary, Charles W. Wilder, against Walter Morse Wilder, the adopted son, the widow and the divorced first wife of William L. Wilder. The latter by answer disclaimed all interest in the property and the bill has been dismissed as to her.

The general prayer of the bill is that "the court will construe and interpret the provisions of said will and said trust deed together and ascertain and determine the effect of said deed from said executors and trustees to Andreas Blume and said deed from Andreas Blume to said Frank B. Wilder and the respective

rights of the complainants and the defendants and each of them
in the premises." Then follow several special requests for the
determination of the rights of the several parties under said trust
deed.

This statement of the situation makes it apparent that the court
cannot entertain this bill. R. S., ch. 79, sec. 6, par. VIII, author-
izes a bill in equity to be brought "to determine the construction
of wills and whether an executor not expressly appointed a trustee,
becomes such from the provisions of the will; and in cases of
doubt the method of executing a trust and the expediency of
making changes and investments of property held in trust."

The scope of this statute and the power of the court under it
have been often considered. *Heseltine* v. *Shepherd,* 99 Maine, 495,
collated the cases decided previous to that time (1905) where the
court had either discussed its jurisdiction or had assumed or
declined to assume jurisdiction in analogous cases. See also
*Huston* v. *Dodge,* 111 Maine, 246; *Tapley* v. *Douglass,* 113 Maine,
392. Certain principles may be regarded as settled and the appli-
cation of those principles precludes the assumption of jurisdiction
here.

The language of the will must be such that the parties may
reasonably have doubts concerning its true construction. Evidently
the parties interested in this will and in the settlement of the
property rights under it entertained no such doubt. Had they
done so they could and doubtless would have asked the court in
Massachusetts, where the original will was probated, to solve the
doubts. This they did not do. Instead they apparently felt no
hesitation as to its meaning and in 1892 executed the deeds which
have been referred to. It is not then the construction of a will,
or the interests of legatees or devisees thereunder, which the
parties are asking for and which the court under certain circum-
stances is obliged to give, but the construction of a certain deed
given by the executors and trustees under the will and the trust
deed given by that grantee, which construction the court under no
circumstances in this form of proceeding is empowered to give.
The prayer states the fact correctly and at the same time is its
own denial, when it asks the court to construe the "provisions of
said will and the trust deed together." This the court must decline

to do. It has always declined to express any opinion as to the validity of past assignments or transfers. *Jackson* v. *Thompson,* 84 Maine, 44; *Hersey* v. *Purington,* 96 Maine, 166. Here the provisions of the trust under the will and under the deed are very unlike. Different property is included, different beneficiaries are named and different conditions are specified. What the parties really desire is to ascertain the validity of these conveyances made twenty-four years ago by parties living in a foreign jurisdiction, and the rights of the various conflicting interests arising thereunder. This they cannot ascertain under the guise of construing a will. This is another well settled principle, because the design of this equitable proceeding is to prevent litigation, not to make it a substitute for litigation. If a legal cause of action between the interested parties has already arisen through transactions subsequent to the will they must litigate their claims through the proper legal channel. The remedy sought here is not appropriate.

As the defendants did not resist the proceedings, but join in the prayer for construction, the bill is to be dismissed without costs.

*Decree in accordance with the opinion.*