CHARLES I. ALBEE *vs.* ATHERTON LORING, et als.

Lincoln. Opinion November 19, 1916.

*Duty of Court under a bill in equity asking for construction of a will, to pass upon validity, or legality, of certain past and completed transactions carried through by parties interested in the estate. Object and scope of Chapter 79, Section 5, Paragraph VIII. of Revised Statutes of Maine.*

1. This court declines to pass upon the validity of past sales and completed transactions of parties interested in an estate when called upon to construe wills under the provisions of R. S. chap. 79, sec. 6, par. VIII.
2. From a careful study of the case it seems quite apparent that, under the guise of a request to construe a will, the real object sought is to have the court determine the validity of past transactions in the nature of mortgages.

Bill in equity brought by executor of, and legatee under, the will of Sarah E. Albee in which he asks the court to construe the will and also to set aside and declare void, not only his own mortgage deeds, but also another mortgage made to one of the defendants by the remainderman under said will. Two of the defendants filed demurrer and the other defendant, son of the plaintiff, did not file any plea, answer or demurrer. The court sustained the demurrers of the defendants, and plaintiff filed exceptions. Exceptions overruled.

Case stated in opinion.

*A. S. Littlefield* for plaintiff.

*Payson & Virgin, E. W. Freeman, and Whipple, Sears & Ogden,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOK, JJ.

PHILBROOK, J. This is a bill in equity praying the court to construe the provisions of the will of Sarah E. Albee, mother of the plaintiff, and also to determine and decree that certain mortgages

given by the plaintiff and by Charles H. Albee, one of the defendants, are null, void and of no effect. Loring and Gorman, two of the defendants, demurred to the bill. The remaining defendant, Charles H. Albee, filed no plea, answer or demurrer. The court below sustained the demurrers filed by Loring and Gorman and the case is before us upon exceptions to that ruling.

From an examination of the record it appears that Sarah E. Albee died testate on the nineteenth day of October, 1909, that the will was duly proved and allowed, and that the plaintiff was appointed executor of the estate. The bill does not aver, nor does the record disclose the date when the will was probated and the executor appointed, but in argument it is asserted by the defendants who demur that the Probate Court for Lincoln county, the county in which the will was probated, sits on the first Tuesday of each month except August, that the will was not filed in said Probate Court until the December term, December 7, 1909, and was not proved and allowed until the January term, January 4, 1910.

After disposing of her personal property, the testatrix by the second item in her will gives "all the rest and residue of my property, of every name, nature and description, to my said son, Charles I. Albee, (the plaintiff in this case) for the term of his natural life, with power to receive the income only therefrom, and to use said income in such manner as he may deem necessary or advisable." By further provisions of the will the said son, as executor, was authorized to sell any part or all of the property so devised to him, or to mortgage the same in fee simple, or for a less estate, or to lease the same for a term of years even though a term of lease may extend beyond his life. No license or decree of court, so the will provides, was to be required to authorize any such sale, mortgage or lease, and no purchaser was to be liable for the application of the purchase money, but the son was to hold the proceeds of any such sale, mortgage or lease, with a life interest only in the same, and only with power to use the income thereof. The will also provided that if the son deemed it necessary to use any part or all of the property devised to him, or the proceeds of sale of such property, for his own comfortable support and maintenance, he was authorized to do so, and the exercise of that right was to be his personal privilege, but such property or proceeds of

sale was to be used only by him and for his support and main-
tenance.   Charles H. Albee, grandson of the testatrix and one of
the defendants, as above stated, was made remainderman under
certain conditions not necessary to discuss at this point.

On the thirtieth day of November, 1909, about six weeks after
the death of Sarah E. Albee, the plaintiff, and the Eastern Coal
Company, of which plaintiff was then treasurer, entered into an
agreement in writing with Loring whereby the latter was to loan
ten thousand dollars to said company, which was to give its note,
payable in two years with interest at six per cent, endorsed by the
plaintiff, and as additional security for the loan the plaintiff agreed
to give Loring a first mortgage on certain real estate, which, in
the agreement, he referred to as property "recently inherited from
his mother, Sarah E. Albee."   The agreement was carried out,
the loan made, and on the first day of December, 1909, plaintiff
gave a mortgage to Loring of lands which were referred to in
that instrument as lands which "came to me by inheritance from
my mother, Sarah E. Albee."

On the sixth day of May, 1912, the plaintiff gave to the defend-
ant Gorman, a mortgage for five thousand dollars on a portion of
the land described in the mortgage to Loring.   It is alleged in the
bill, and necessarily admitted by the demurrer, that this second
mortgage was given to secure a debt due to the Gorman-Leonard
Company from the Eastern Coal Company.   In this second mort-
gage the plaintiff referred to the land as "being the same property
left to me under the will of Sarah E. Albee, who died on the nine-
teenth of October, 1909."

On the twentieth day of July, 1912, at the special request of
Loring, as the bill alleges and the demurrer admits, the plaintiff
gave another mortgage for ten thousand dollars on the property
to Loring, but in this mortgage the plaintiff described himself as
"executor of the last will of Sarah E. Albee," and further declares
that it is given to secure the payment of "a certain note for ten
thousand dollars ($10,000) dated December 1, 1909, signed by
the Eastern Coal Company and endorsed by me as executor."

On the same twentieth day of July the remainderman, Charles
H. Albee, who is also one of the defendants, as we have seen, gave
a mortgage to Loring of all his "right, title and interest under

said will," not mentioning what will, but substantially describing the tracts mentioned in the mortgages given by Charles I. Albee, to secure the payment of "a certain note for ten thousand dollars ($10,000) dated December 1st, 1909, signed by the Eastern Coal Company and as security for. the payment of which two certain mortgages have been given, one by Charles I. Albee individually, and one by Charles I. Albee, executor." These four mortgages, the plaintiff asks us to declare null, void and of no effect.

From this statement of the case it seems quite apparent that, under the guise of a request to construe the provisions of the will, the real object sought is to have the validity of these mortgages passed upon, in other words to pass upon the validity of completed transactions carried through by parties interested in the estate. Whether this court should assume or decline to assume jurisdiction in such a controversy was very fully and learnedly discussed in *Haseltine* v. *Shepherd,* 99 Maine 495. It was there held as a general proposition that in a bill in equity praying for the construction of a will the court would decline to express any opinion as to the validity of past sales. This position is still adhered to. As the construction of the will in question could not appropriately deal with any other controversy raised by the plaintiff we hold that the ruling of the court below was correct.

*Exceptions overruled.*