A. FRED ROBERTS, Admr., d. b. n., c. t. a. *vs.* NATHAN M. WRIGHT, JR., Admr.

FEBRUARY 24, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Wills. Construction.*

Expressions in will, "I wish to make this change" and "I wish to give" are equivalent to the declaratory expressions "I change" and "I give".

*(2) Wills. Construction.*

Language of codicil that testator wishes to change his disposition of the money on deposit in two banking institutions is an express revocation to that extent of his general bequest of all interest and principal deposited in any banking institution.

*(3) Wills. Construction.*

Language of a codicil inconsistent with a former gift contained in the will, constitutes a revocation of such prior gift, so far as the same relates to property covered by the codicil.

*(4) Wills. Legatee Witness to Will.*

A gift in a codicil to one who is a witness to the execution of the codicil is void.

*(5) Wills. Construction. Perpetual Care of Cemetery Lot.*

Testamentary bequest "To X. the interest of the money deposited in the Z. bank during her lifetime with the exception of five per cent which is to

remain as a sinking fund to pay for perpetual care of my lot in Riverside Cemetery." "To my wife the interest of my money in the Y. Bank excepting five per cent which is to be kept for sinking fund for perpetual care for the lot in cemetery until the amount is acquired."

*Held,* that the exception of five per cent related to the amount on deposit and not to income on the deposit.

*Held,* further, that as the cemetery was a corporation authorized to receive such gifts, and testator's scheme was that five per cent of the deposits should be set aside and kept only "until the amount is acquired", the provision was valid.

*(6) Wills. Residuary Clause.*

A residuary gift of personal estate carries not only everything not in terms disposed of but everything that in the event turns out to be not well disposed of.

*(7) Wills. Construction. Description of Legatee.*

Testamentary bequest "The interest of this money goes to my wife as long as she lives, when she dies it is to go to my next heir":—

*Held,* that, on death of wife the money passed to the person or persons who came within the designation of the testator's heir or heirs at the time of his death.

BILL IN EQUITY for construction of will.

SWEETLAND, C. J.   This is a bill in equity for the construction of the will of William M. Willward, late of Providence, deceased. The cause being in the Superior Court ready for hearing for final decree has been certified to this court for determination. The will in question was executed June 9, 1887. A codicil thereto was executed September 29, 1889. The testator died October 10, 1889. His will and codicil were duly probated November 26, 1889, and his widow, Amy A. Willward, was confirmed as executrix. A construction of certain provisions of said will and codicil is now sought because of the bearing of such construction upon other litigation now pending between the parties to this suit.

A copy of the will is annexed to the bill. From that it appears that the will in question was not skillfully drawn and in a number of respects the intention of the testator is not expressed with clarity. Without reproduction of the errors of the draftsman in the spelling of certain common

English words therein contained, the third paragraph is as follows: "I give to the aforesaid Francis A. Mowry and Fred Roberts the annual interest of all moneys I may die possessed of in any savings bank or other banking institution after my lawful debts and funeral expenses are paid, the principal not to be drawn or in any way disposed of until their deaths, which principal may then be disposed of by will to their children or other lawful heirs as they may see fit." The codicil in question is as follows: "I wish to make this change in reference to any money I possess now deposited in Providence Institute of Savings and Rhode Island Hospital Trust Company. I wish to give my sister, Emma V. Lang, the interest of the money deposited in the Providence Institute of Savings during her lifetime with the exception of five per cent which is to remain as sinking fund to pay for perpetual care of my lot in Riverside Cemetery. My theatrical costumes I give to my sister, Emma V. Lang, to dispose of as she sees fit.

"I give to my wife, Amy A. Willward, the interest of my money in the Providence Rhode Island Trust Company excepting five per cent which is to be kept for sinking fund for perpetual care for the lot in cemetery until the amount is acquired.

"The interest of this money goes to my wife as long as she lives, when she dies it is to go to my next heir."

We find that the testator in his reference to the "Providence Institute of Savings" intended the Providence Institution for Savings, and by his reference to the "Providence Rhode Island Trust Company" intended the Rhode Island Hospital Trust Company in which two banks the testator had money on deposit at the time of the making of the will and at the time of his death.

The expressions "I wish to make this change" and "I wish to give" contained in the codicil are equivalent to the declaratory expressions "I change" and "I give". In so far as concerns the money of the testator on deposit in the Providence Institution for Savings and the Rhode Island

Hospital Trust Company the codicil is a revocation of the bequest of the income and the power of disposition of the principal to Frederick J. Mowry and Fred Roberts, contained in the third paragraph of the will. The language of the codicil that the testator wishes to change his disposition of the money on deposit in the two banking institutions is an express revocation to that extent of his general bequest (2) of all interest and principal deposited in any banking institution. Furthermore, the language of the codicil is so inconsistent with the former gift contained in the third paragraph of the will as to constitute a revocation of such (3) prior gift so far as the same related to the two banking institutions named in the codicil. *Derby* v. *Derby,* 4 R. I. 414, at 427; *Frelinghuysen* v. *New York &c. Trust Co.,* 31 R. I. 150. Further question is raised by the fact that Emma V. Lang, the beneficiary named in the first paragraph of the codicil, is also one of the witnesses to the execution of the codicil. Section 15, Chap. 182, Public Statutes 1882, in force at the time of the execution of this will and codicil and also in force at the time of testator's death, now in substance Section 32, Chap. 298, Gen. Laws 1923, is as follows: "If any person has attested or shall attest the execution of any will or codicil, to whom any beneficial devise, legacy, estate, gift or power of appointment of or affecting any real or personal estate, other than and except charges on lands, tenements or hereditaments, (4) for the payment of any debts, shall be thereby given or made, such devise, legacy, estate, interest, gift or power of appointment shall, so far only as concerns such person attesting the execution of such will or codicil or any person claiming under him, be utterly void; and such person shall be admitted as a witness to the execution of such will or codicil, such devise, legacy, estate, interest, gift or power of appointment notwithstanding." In accordance with that statutory provision we must hold the gift to Emma V. Lang in said codicil to be void.

Question is raised as to the testator's intention with regard to the creation of what he terms a "sinking fund" for the perpetual care of his burial lot in Riverside Cemetery, particularly as to the exception of "five per cent" for that purpose in the provisions for gifts to his sister and to his wife. The testator's intent with regard to these two provisions is not free from doubt. We think, however, that in each case the exception of five per cent relates to five per cent of the amount on deposit in each of the banks named, and not to five per cent of the income on such deposits. The testator may well be assumed to have desired that the care for which he wished to provide should commence within a reasonable time after his death. It appears by the bill that the amount of the deposit in the Institution for Savings at his death was $1,249.21 and the amount on deposit in the Trust Company was $796.96. The income upon each deposit was at the rate of four per cent. If the testator's purpose was that the necessary fund should be accumulated by setting aside five per cent of the income it would be a great many years before his design could be accomplished. As to the testator's power to thus create a fund for the perpetual care of his burial lot, we think the provision under consideration is distinguishable from that declared invalid in *Kelly* v. *Nichols*, 17 R. I. 306, *Sherman* v. *Baker*, 20 R. I. 446; *Shippee* v. *Inds. Trust Co.*, 43 R. I. 115; *R. I. Hos. Trs. Co.* v. *Town Council*, 29 R. I. 393, and *Todd* v. *St. Mary's Church*, 45 R. I. 282. It is agreed by the parties that the Riverside Cemetery is a corporation authorized by its charter to receive such gifts, and the testator's scheme was that five per cent of these two deposits should be set aside and kept only "until the amount is acquired". We are also informed by the parties that the perpetual care which the testator desired has been paid for and provided, probably by the executrix of the will.

As the gift of income for her life to Emma V. Lang was void, ninety-five per cent of the principal of the deposit in the Providence Institution for Savings at the death of the

testator passed under the fourth paragraph of the will. The fourth paragraph we regard as a residuary clause under which the testator intended to provide for the disposition

(6) of all of his estate not expressly given by the other provisions of the will or any codicil thereto which he might execute. Its construction is governed by the principle followed in *Peckham* v. *Newton*, 15 R. I. 321, and in *Re Will of Reynolds*, 20 R. I. 429: "that a residuary gift of personal estate carries not only everything not in terms disposed of, but everything that in the event turns out to be not well disposed of. A presumption arises for the residuary legatee against every one except the particular legatee."

As to the money deposited in the Rhode Island Hospital Trust Company, under the second paragraph of the codicil five per cent was to be set aside for the perpetual care of the burial lot, as we have said above. The income of the remaining ninety-five per cent went to Amy A. Willward during her life. We find a reasonable construction of the third paragraph of the codicil to be, that upon the death

(7) of the testator's wife ninety-five per cent of the money on deposit in the Trust Company passed to the person or persons who came within the designation of the testator's heir or heirs at the time of his death.

On March 7, 1927, the parties may present a form of decree in accordance with this opinion.

*Charles R. Easton, Thomas L. Marcaccio*, for complainant. *Voigt & O'Neill*, for respondent.