SARAH W. BROWN *vs.* WILLIAM W. COWELL.

Worcester. Sept. 30, 1874. — Jan. 5, 1875. COLT & MORTON, JJ., absent.

Land was conveyed by an absolute deed, and the grantee made and delivered a bond by which it appeared that he took it only in trust to sell it and account to the grantor for the proceeds. The trust was afterwards executed. *Held*, that the grantor might maintain an action for money had and received, and that it was immaterial whether the bond was given at the time of the deed, or afterwards.

A contract by which a trustee purchases trust property directly from the *cestui que trust* will not, if fairly made, be set aside because of the relation of the parties, and whether such contract was fairly made is a question of fact for the jury.

A trustee, authorized by his *cestui que trust* to sell land and receive one half in cash and to take a mortgage for the balance, is liable to the *cestui que trust* for the whole amount, although the note is not due, if he gets the mortgage note discounted and uses the proceeds himself.

CONTRACT for breach of an agreement to sell certain land for the plaintiff and return the proceeds to her. There was also a count for money had and received.

At the trial in the Superior Court, before *Allen*, J., the plaintiff testified that she conveyed the land in question to the defendant, she having a life estate therein, by a deed of quitclaim on February 14, 1871 ; and that no paper in writing in relation to said land was ever delivered to her, or to any person for her, by the defendant. She was also allowed to testify, against the defendant's objection, that before and at the time of the delivery of the deed to the defendant, he told her that he would sell the land for her, and return the proceeds to her, to the extent of her interest in it.

The defendant put in evidence tending to prove that at the time the deed was delivered, he was the guardian of a minor who owned one undivided half of the fee in the land, and that he executed a bond, whereby he agreed to sell the land and pay the plaintiff and the owner of the fee of the other undivided half their respective proportions ; that he and the plaintiff agreed that the bond should be deposited with James E. Pollard as the property of the plaintiff and the grantors in the deed and obligees in the bond, and that it was so deposited soon after in accordance with the agreement.

The defendant also offered evidence tending to show that a few weeks after the deed was executed he sold the interest of all the parties in the estate for $1200 ; that after he had made the bargain, but before the deeds had been passed, and before he had obtained leave from the court to sell the interest of his ward, the plaintiff knowing that the bargain had been made for $1200, one half to be paid when the title should be made good and leave to sell the minor's interest obtained, the remainder to be secured by mortgage payable in one year from that time, consented to its being sold for that price and on those conditions, and expressed

herself satisfied therewith, and asked the defendant what he, the defendant, would give for her interest in the property and pay her the money then; that the defendant told her she had better wait till he got the pay for the property as she would get more out of it than he would then give; that she insisted that the defendant should make an offer, which he did; that the plaintiff then asked him if that was the best he would do, to which he replied he would give $23 more, making in all his second offer $323; that she then told him she would accept his proposition; that he told her he had not the ready money, but could get it from Benjamin Cowell, who lived a few miles distant, and he would like to have the bond assigned to said Cowell as security for the money, and he would get the money that night, if the plaintiff would go with him to said Cowell, who lived a few miles distant; that he, in the presence of the plaintiff, wrote an assignment of the bond to said Cowell, and immediately thereafter she said she would rather take the defendant's note than go to Cowell's, and the defendant at once gave his note for the amount, and at the same time the assignment was delivered to the defendant by the plaintiff; that the plaintiff was about fifty years of age and of usual intelligence.

The defendant also offered evidence tending to show that at the time this suit was commenced the deed had been given and mortgage taken to which the plaintiff had assented, but that the defendant had received only $600 on account of the sale, the mortgage being then unpaid and not due. There was evidence tending to show that the defendant had received $600 in cash at the time of the sale, and a note dated June 1, 1871, for $600, payable in one year; that said note was indorsed by the defendant and the money obtained on it by him from a bank in June, 1871.

The defendant asked the judge to instruct the jury as follows: " 1. That if the defendant at the time the deed was executed delivered to her, or, for her, to some one else, the bond produced by him; and subsequently the plaintiff, with a full knowledge of all the facts and by a clear and distinct contract sold to the defendant all her interest in the bond for a consideration by an instrument under seal, and it was assigned to Benjamin Cowell at the defendant's request in trust for him, and at the time of delivery the plaintiff knew it was for the benefit of the defendant, and it was

delivered to the defendant, and no advantage was taken by the defendant of any information he had either as trustee or otherwise, and no influence was exerted by the plaintiff over the defendant, the plaintiff cannot recover. 2. That if no bond or instrument in writing was executed by the defendant at the time the deed was given, then the plaintiff cannot recover. 3. That if the bond was given at the time the deed was executed and the money had not all been collected at the time suit was commenced, then the plaintiff cannot recover."

The judge refused to give these instructions, but instructed the jury that the contract, by which the defendant claimed to have taken the assignment of the bond to Benjamin Cowell, was one which from his relation to the plaintiff he could not make, and the jury must not consider the evidence on that point; that, after deducting, from the amount the defendant had received before the commencement of this suit, his expenses and services in the matter, the plaintiff would be entitled to her interest in the balance ; and that if the defendant got the mortgage note discounted and used the proceeds himself at the bank and indorsed it himself, he would be accountable to the plaintiff for her life estate in the sum he received therefor, although the mortgage note was not collected.

The jury returned a verdict for the plaintiff for $383.63, and the defendant alleged exceptions.

*F. T. Blackmer*, for the defendant.

*S. A. Burgess*, for the plaintiff.

ENDICOTT, J.   The defendant received the conveyance of the land from the plaintiff without payment of the consideration, and for the purpose of selling it for her and those interested with her. He therefore took it in trust.   This trust was proved by the bond which was afterwards drawn up by the defendant and deposited in the hands of Pollard, reciting the character and terms of the transaction.   The trust having been executed by a sale and conveyance of the land, this action may be maintained for the money so received by the defendant.   *Jackson* v. *Stevens*, 108 Mass. 94.

The evidence offered in chief by the plaintiff, that the defendant told her when he took the deed that he would sell the estate for her and return the proceeds to her to the extent of her inter-

est, was competent as offered to show in what manner he was to pay to her the consideration for the deed.

The defendant contended, and offered evidence to prove, that after he had bargained for the sale of the estate for the sum of $1200, but before the deeds had been passed and before he had obtained leave to sell the interest of one of the parties, who was a minor, he purchased of the plaintiff all her interest in the estate, gave his note therefor, and she thereupon assigned for his benefit to one Benjamin Cowell all her interest in the bond deposited with Pollard.

The presiding judge ruled that the contract by which the defendant took the assignment of the bond to Benjamin Cowell was one which, from his relation to the plaintiff, he could not make, and the evidence on that point was not to be considered by the jury. This ruling was undoubtedly based upon the well settled and familiar law, that a person holding the property of another as trustee, or in any other fiduciary capacity, cannot purchase the property himself. He cannot act in the double capacity of seller and buyer, and the law does not permit the two characters to be united in one person. See *Dyer* v. *Shurtleff*, 112 Mass. This rule applies to all dealings, direct or indirect, with himself in regard to the property; but it does not necessarily apply to all dealings with the person for whom he holds it, and towards whom he bears the relation of trustee. He may purchase the property of such person; and if the whole transaction, and the circumstances under which it took place were fair and open, and no advantage was taken by him of the *cestui que trust*, by concealment, misrepresentation or omitting to state any important fact, and no undue influence was exercised, and the *cestui que trust* understood what she was doing and the effect of it, such a contract will not be set aside because of the relations of the parties. *Farnam* v. *Brooks*, 9 Pick. 212, 231. Perry on Trusts, § 195, and cases cited. *Downes* v. *Grazebrook*, 3 Mer. 200. *Ex parte Lacey*, 6 Ves. 625. *Coles* v. *Trecothick*, 9 Ves. 234. We are of opinion, therefore, that the evidence offered was competent. The case was, very properly, tried by the parties and ruled upon by the court, as if it involved the equitable considerations, and called for the application of the rules of law, which determine the rights and powers of trustee and *cestui que trust*, when the trustee be-

comes a purchaser, and the defendant was entitled to go to the jury upon the question whether he had made a fair and clear contract with the plaintiff. The first ruling asked for by the defendant should have been in substance given, with such modifications or enlargement as would be necessary for a clear understanding by the jury.

The second prayer for instructions was properly refused. It was immaterial whether the bond was given at the time of the deed, as it was only evidence of the character of the previous transaction.

The ruling asked for in the third prayer was properly refused. The instruction given, that if the defendant had discounted the mortgage note and received the proceeds he would be accountable to the plaintiff, although the mortgage note was not collected, was correct and adapted to the facts as presented by the evidence.　　　　　　　　　　　　　　　　　　　*New trial ordered.*