HENRY M. HAWES, executor, *vs.* GEORGE W. BRAGDON.

Franklin, 1876.—May 31, 1877.

*Wills.*

When a bill in equity is brought under the provisions of R. S., 1871, c. 77, § 5, to determine the construction to be given to a will, all those named therein, whose rights and interests are involved in such construction, should be made parties thereto.

BILL IN EQUITY, to determine the construction of a will.

Timothy Bragdon died testate, leaving no widow and leaving two sons, George W. and Aaron E. Bragdon, his only heirs-at-law, both married and having children. By his will, after making bequests of $100 to each of his sons, $250 among his grand-daughters, and $100 to others, in all $550, the residuary clause reads thus: "Eighthly. As to all the residue and remainder of my personal estate of every description whatsoever, after the payment of all my just debts and the expenses of executing this my last will, I give and bequeath the same to my grandson Eda Bragdon aforesaid, conditional that if said Eda Bragdon when he arrives at the age of twenty-one years is a steady and industrious man ; and if he is not a steady and industrious man, the same is to be divided equally between said Eda and his two sisters Minnie and Lizzie Bragdon aforesaid."

The next clause reads thus: "Ninthly. I direct and empower my executor to sell and deed all my real estate that I may have at the time of my death ; also, all the personal estate that I may have ; I order him to sell and dispose of both to the best advantage he can and convert it into money and put it at interest till it is to be paid out to the several legatees who may not be of the age of twenty-one years at the time of my decease."

The inventory shows that he left real estate amounting to $1,175 and personal estate amounting to $1,227.57. The indebtedness of the estate was about $800.

The bill shows that a controversy arose between the plaintiff, executor, and George W. Bragdon as to the construction of the will, (George claiming that the real estate was not devised, and the executor that it was) and prays a decision of the following questions: 1. Does the real estate descend as if no will had been made. 2. Is the executor authorized to sell the real estate with or without license from the probate court. 3. And if so authorized, how shall he pay over and dispose of any balance; and 4. Who is to determine, if necessary, if Eda is a steady and industrious man, when he arrives at the age of twenty-one years.

*S. Belcher*, for the plaintiff.

*H. L. Whitcomb*, for the defendant.

APPLETON, C. J. This is a bill in equity brought under the provisions of R. S., 1871, c. 77, § 5, to determine the construction to be given to certain clauses in the will of Timothy Bragdon.

Before the court should be called upon to give a construction to a will, the meaning of which is disputed, all the legatees or devisees, whose rights and interests are involved, should be made parties thereto, so that they see to the due protection of their respective rights and interests.

It is obvious that Aaron E. Bragdon is interested equally with the defendant that the real estate of the testator should descend to the heirs-at-law, while Eda Bragdon and Minnie and Lizzie Bragdon are interested that it should not so descend as well as in the question, "who is to determine whether Eda is a steady and industrious man" when he shall have arrived at the age of twenty-one years.

The most important question undoubtedly is whether the testator meant to have his whole property of every description converted into money and distributed as such. Upon this, those who, in case of an equitable conversion of real into personal property, would be entitled to the proceeds of the property so converted, should be heard, but they are not made parties.

The bill is to be dismissed unless the complainant sees fit to amend by summoning in the necessary parties.

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.