CHARLES S. HICHBORN et als. *vs.* CHARLES BRADBURY et al.

Kennebec.   Opinion April 11, 1914.

*Advancements.   Construction.   Demurrer.   Discretion.   Equity.   Parties.*
*Power.   Remainderman.   ·Trustees.   Will.*

Bill in equity for the construction of the will of Eliza Ann Bradbury, and asking the court to define an interpret the limit and extent of the discretionary power given the trustees thereunder.

*Held:*

1. The denial by demurrer that the allegations of the bill sufficiently specify the particular clauses or phrases in the will which the court is requested to construe is untenable.

2. R. S., chapter 79, section 6, Paragraph VIII, gives the court power to determine the construction of wills, and in cases of doubt, the mode of executing a trust, and the expediency of making changes and investments of property, held in trust.

3. The trustees are authorized, by observing the requirements, to examine, find and certify, to advance to Charles Bradbury such part, or even all, of the principal, as they shall deem for the best.

4. The discretionary power given to the trustees, originally named in the will of Eliza Ann Bradbury, as to advancements of principal to Charles Bradbury, vested in their successors.

On report.   Case remanded to the sitting Justice, when the children of Mrs Wilson may be made parties by guardian ad litem on motion by the plaintiffs.   When the proper parties are before the court, the sitting Justice may enter a decree in accordance with this opinion.   So ordered.

This is a bill in equity asking the construction of the will of Eliza Ann Bradbury and asking the court to define and interpret the limit and extent of the discretionary power given the trustees thereunder. The defendant, Charles Bradbury, joined in all the prayers in said complainants' bill and asked the court to advise and instruct the trustees.   The defendant, Eliza Louisa Bradbury Wilson files an answer with demurrer.   Upon hearing, it appearing to the Justice

presiding that important questions of law are involved, the case was reported to the Law Court for its decision upon bill, demurrer and answers.

The case is stated in the opinion.

*Wm. P. Whitehouse, and James O. Bradbury,* for plaintiffs.

*Andrews & Nelson,* for Charles Bradbury.

*Williamson, Burleigh & McLean,* for Eliza Louisa Bradbury Wilson.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, JJ.

SPEAR, J. This is a bill in equity seeking the construction of the will of Eliza Ann Bradbury, particularly the provisions of the third clause, and asking the court to define and interpret the limit and extent of the discretionary power given the trustees thereunder.

The defendant, Charles Bradbury, in his answer joins in all the prayers of the complainants' bill, asking the advice of the court.

The defendant, Eliza Louisa Bradbury Wilson, files an answer with demurrer inserted therein, and for cause of demurrer shows: First: That the bill asks general and indefinite instructions from the court as to the manner of execution of a trust without seeking any instructions as to any definite action proposed or otherwise on the part of said trustees. Second: That the bill asks general construction and interpretation of the third clause of said will without seeking any construction or interpretation of any definite matter contained therein or in reference thereto. Third: That the prayers of the plaintiffs' bill are so vague, indefinite, ambiguous and uncertain that the defendant cannot ascertain the meaning thereof or obtain sufficient information therefrom as to what specific matters contained in or arising under said will the court is asked to construe and interpret. In her answer she admits the first, second and third paragraphs, but in the fourth denies that the word "family," as used in the third clause, relates to the wife of Charles Bradbury, and therefore denies that the family of Charles Bradbury consists of himself and wife. She admits the fifth paragraph. She admits all the allegations in paragraph six except that she denies the interpretation intended for the word "family" for the same reasons given under paragraph four of her answer. She admits paragraph seven.

Eighth : She denies that it is important that the plaintiffs be advised as to their rights under said will or how far they may exercise their discretion thereunder, because she says that as far as their discretion extends to the disposition of the income of said estate, it is not questioned, and she says that as to the disposition of the principal thereof, they have no discretion.

In argument under the demurrer it is denied at the outset that all those interested are made parties to the bill. This contention will be considered later. The demurrer next denies that the allegations of the bill sufficiently specify the particular clauses or phrases in the will which the court is requested to construe. This position is untenable. R. S., chapter 79, section 6, Paragraph VIII, gives the court power "to determine the construction of wills . . . and in cases of doubt, the mode of executing a trust, and the expediency of making changes and investments of property held in trust." A bill for this purpose may also be brought under the general equity powers of the court. Whitehouse's Equity Practice, section 237. Where no controversy has arisen, if any trust officer is in doubt, it will be sufficient for him to point out the nature of the doubt. It is accordingly clear that if a controversy has arisen, then the proper allegation would be to point out the controversy, and the issue raised thereby. That is precisely what is done in the plaintiff's bill with reference to the only question involved. The court will not assume to decide any other.

Paragraph three of the will provides: "Said Trustees are to apply the income of said amount in their hands as trustees for the support of said Charles and his wife and children, if he has any, in sickness and health in such manner as they shall judge will best minister to his and their comfort and happiness. If all of said trustees shall at any time be satisfied that it will be for the best interests of him the said Charles Bradbury and his family for the said trustees to advance more or less of the principal to him, and they shall upon examination so find and certify they may then make such advance as they shall deem for the best." Paragraph 6 of the bill alleges a payment of twenty thousand dollars to Charles Bradbury by the former trustees, under this provision. Paragraph 7 alleges: "That said Eliza Bradbury Wilson has notified the present trustees that she would oppose any further advance of principal to

the said Charles Bradbury and questions the right of the trustees to make any further advances of principal under the provisions of said will of Eliza Bradbury."

Mrs. Wilson in her answer, paragraph eight, says, "that as to the disposition of the principal thereof they have no discretion." These paragraphs of the bill and answer directly put in issue the right of the trustees to make further advances of principal, under the language of clause three of the will, and raise a sufficient doubt as to their duty to justify the trustees in invoking the aid of the court.

It may be here noted that paragraph three recognizes two distinct dispositions of the estate therein bequeathed. It first disposes of the income; then the advances of the principal. But no question is raised regarding the income, as Mrs. Wilson in her answer says, "that so far as their discretion extends to the disposition of the income of said estate, it is not questioned." While the trustees are to consider Charles Bradbury and his family, in exercising the discretion of making advances, they are not authorized nor required to pay any part of the principal directly to his wife, or children if any. The benefit to his family, of whomsoever composed, must come indirectly through payments to him. The advances, when made, become his property, absolutely. This appears from the provisions of the will. Accordingly, it was not necessary, as intimated in the argument it might be, to join the wife of Charles Bradbury as a party. We may here say, however, as the question is incidentally raised as an element for consideration in making advances, that it is too well settled to require citation that a man's wife is a part of his family. *Clifford* v. *Stewart,* 95 Maine, 38; *Kehoe* v. *Ames,* 96 Maine, 155; *Stone* v. *McGain,* 102 Maine, 168; *Dodge* v. *Boston and Providence R. R.,* 154 Mass., 299. As Charles Bradbury's family at the time this will was executed consisted of only a wife, it is inconceivable that the testatrix should at that time have used the word "family," as she did in the clause providing for advances to Charles, without having immediately and directly contemplated his wife as a part of his family and at that time as all of his family. And we are unable to discover any legal distinction between a first wife and a second wife. And the provision of clause three has certainly made none, as it might easily have done if one had been intended.

Limited to the single inquiry, what, then, is the power of the trustees under the language of this paragraph with regard to their right to make advances of "more or less of the principal?" It seems to us that to define the power we have but to repeat the phraseology of the will: "If all of said trustees shall at any time be satisfied that it will be for the best interest of him the said Charles and his family for the trustees to advance more or less of the principal to him, and they shall upon examination so find and certify they may then make such advance as they shall deem for the best."

It is the opinion of the court that the trustees have power to do just what this language naturally imports. They are authorized by observing the requirements to examine, find and certify, to advance to Charles Bradbury such part or even all of the principal "as they shall deem for the best." The safeguard in the mind of the testatrix in conferring this unlimited power is undoubtedly to be found in the requirement that the action of the trustees shall be unanimous. But whatever the reason, the bestowal of the power is made plain. Interference with the exercise of this power, will be employed on the part of the court only when there is made to appear an abuse of discretion by proof "of the fullest and clearest character." *Morton* v. *Smithgate,* 28 Maine, 41.

Having confined our interpretation of the will to the single provision of clause three, regarding the discretionary power of the trustees to make advances of the principal, it becomes unnecessary to examine the many questions involving the constructions of wills generally, raised in the able and ingenious argument of counsel for Mrs. Wilson, upon the question of construction.

Another question is raised, however, which it may be proper to examine. Does the discretionary power given to the trustees, originally named in this will, as to advancements of principal to Charles Bradbury, vest in their successors? *Chase* v. *Davis,* 65 Maine, 102, construing R. S., chapter 70, section 17, holds that it will so vest in the absence of any provision showing a different intention. We are unable to discover anything in the provisions of the will or its language which we think was calculated to limit the discretionary power of the trustees to the personnel of the board named in the will. Had it been the intention of the testatrix to cut

off any advancements to her son Charles, upon the refusal or declination of Henry to act, or his death, which might have occurred at the threshold of the trust, we cannot avoid the conclusion, that she would have given expression to that intention in some more conclusive way, than leaving it to the uncertainty of an inference from the general language of the will. A few words would have made definite her intention in this regard.

It is the opinion of the court, that a justifiable inference cannot be deduced from the language of the will, showing an intention to confer upon the original board of trustees any powers, not calculated to be vested in their successors, under the general rule laid down in *Chase* v. *Davis, supra.*

Reverting, now, to the demurrer, we find the first objection directed to the want of proper parties; this objection is valid and, although not raised in the demurrer, answer or at the hearing, the court is bound to take notice of it. *Beale* v. *Cobb,* 51 Maine, 348. There can be but little doubt that Mrs. Wilson's children, though minors, should be made parties and represented by a guardian ad litem. While Mrs. Wilson represented the identical interest which they may, in the future have, she did not represent them. The interest of Mrs. Wilson is a contingent remainder which will not become vested except upon two contingencies, (1) The death of Charles without children; (2) The survival of Charles. *Hunt* v. *Hall,* 37 Maine, 363; *Spear* v. *Fogg,* 87 Maine, 132; *Hopkins* v. *Kezar,* 89 Maine, 347. The interest of the children is also a contingent remainder, which will not become vested except upon the happening of three contingencies. (1) The death of their mother: (2) the death of Charles without children; (3) the survival of both.

In a bill for the construction of a will one contingent remainderman without a vested interest cannot represent a subsequent remainderman or tenant in tail. 15 Ency. Pl. & Pr., 650; Story Eq. Pl. & Pr. Paragraph 145-147. *Cannon* v. *Beny,* 59 Miss., 305. Mrs. Wilson is not a vested remainderman.

This rule is based upon reason as well as authority. If the subsequent contingent remainderman were not made parties and were bound by the judgment, in a suit represented by the first remainderman, they might loose their rights, through want of proper defense, or even by a collusive judgment intended to defeat their interests.

The children must be made parties. But in view of the fact that the only issue on the merits is clearly raised and fully decided, we do not think that necessity or justice requires a dismissal of the bill.

The case may, therefore, be remanded to the sitting Justice where the children of Mrs. Wilson may be made parties by guardian ad litem on motion by the plaintiffs. *Haughton* v. *Davis*, 23 Maine, 28; *Hussey* v. *Dole*, 24 Maine, 20; *Miller* v. *Whittier*, 33 Maine, 521; Anson et als.. ptrs., 85 Maine, 79.

As the question of parties was not raised by the demurrer or the answer, nor at the hearing, the amendment may be made on such terms as justice and equity require. *Hussey* v. *Dole*, supra.

As the case has been fully heard upon its merits, and the interest of the children of Mrs. Wilson, which is identical with hers, has been fully considered, when the proper parties are before the court, the sitting Justice may enter a decree in accordance with this opinion. *Haughton* v. *Davis*, 32 Maine, 23. If a motion for amendment is not offered, the bill to be dismissed.

*So ordered.*