BURTON H. NORRIS et als. *vs.* MARY W. MOODY et als.

Kennebec.    Opinion April 5, 1921.

*The proper procedure by a party aggrieved by a decree of a judge of probate exercising equity jurisdiction is by appeal to the Supreme Court of Probate, and not by direct appeal to the Law Court.*

The remedy of a person aggrieved by a decree of a judge of probate exercising equity jurisdiction, is by appeal to the Supreme Court of Probate under R. S., Chap. 67, Sec. 31 and not by direct appeal to the Law Court under the provisions of R. S., Chap. 82, Sec. 22.   No other question is involved in this case.

On report.   This case was begun by the appellants by their bill in equity, addressed to the "Probate Court, sitting in Equity" under the provisions of R. S., Chap. 67, Sec. 2, and was heard upon bill, answer, replication and proof by the Judge of Probate; after which hearing a final decree was made by said Judge sitting in Equity and the same was duly entered in the Probate Court.

From which decree the plaintiff in said bill took an appeal to the Supreme Court of Probate according to the provisions of the statute relating to probate appeals.   The appeal was entered in the Supreme Court of Probate and a hearing had thereon, at which hearing the appellees raised the question of jurisdiction of the Supreme Court of Probate and the same was submitted to the sitting Justice and was reported to the Law Court on an agreed statement.   Case to stand for hearing in the Supreme Court of Probate.

Case stated in the opinion.

*Harry Mansur*, for plaintiff.

*McLean, Fogg & Southard, and Herbert E. Foster*, for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J. Sec. 2 of Chap. 67 of the R. S., provides that—"The courts of probate shall have jurisdiction in equity, concurrent with the Supreme Judicial Court, of all cases and matters relating to the administration of the estates of deceased persons, to wills, and to trusts which are created by will or other written instrument. Such jurisdiction may be exercised upon bill or petition according to the usual course of proceedings in equity."

The pending suit was begun in the Kennebec County Probate Court by bill in equity praying for the construction of a will.

From the final decree of the Judge of Probate the petitioners claimed an appeal under R. S., Chap. 67, Sec. 31.

The case comes to this court on report.

The question involved relates to the remedy of a party who is aggrieved by the decree of a Judge of Probate exercising equity jurisdiction. The petitioners contend that R. S., Chap. 67, Sec. 31 providing for probate appeals affords the proper remedy. The defendants maintain that the correct procedure is to apply R. S., Chap. 82, Sec. 22 relating to appeals to the Law Court in equity causes.

It is the opinion of the court that the contention of the petitioners must be sustained.

1. Sec. 31 of Chap. 67 applies literally to the situation. Omitting parts not here material the statute reads—"Any person aggrieved by any decree of such judges (judges of probate) may appeal therefrom." This language is equally appropriate whether the decree is that of a Judge exercising probate or equity jurisdiction.

But Sec. 22 of Chap. 82, R. S., construed literally is not applicable—"From all final decrees of such justice (justice of the Supreme Judicial Court) an appeal lies to the next term of the Law Court."

To make this statute apply there must be read into it after the word 'justice" the phrase "or any judge of probate exercising equity jurisdiction." Such a clause should not be read into the statute by the court unless plainly necessary to effectuate the legislative intention.

*R. R. Co.* v. *Co. Commrs.,* 28 Maine, 120; *Ins. Co.* v. *Greenleaf,* 64 Maine, 129; *Karoly* v. *Commission,* (Col.), 176 Pac., 286; *Pierce* v. *Storage Co.,* (Iowa), 172 N. W., 191; 36 Cyc. 1113, 26 A. & E. Ency., 600.

While the language of the statute is not wholly free from doubt it certainly does not appear that supplying the above clause gives effect to the legislative intent.

2.   The statute authorizes the court sitting in equity "upon application of either party" to frame issues of fact to be tried by a jury.  R. S., Chap. 82, Sec. 33.   Independently of the statute trials by jury while not guaranteed by the constitution are a well established feature of equity jurisprudence.   21 Corpus Juris, 585.

If the defendant's theory is right the moving party by selecting the Probate Court as his tribunal may close the door of opportunity for either party to have a jury trial or ask for it.  So radical a change in equity practice if contemplated by the Legislature would have been made expressly and not inferentially.

3.   Causes may be taken to the Law Court on exceptions to the rulings of a single Judge sitting in equity.  R. S., Chap. 82, Sec. 33.

Not so in case of rulings by a Judge of Probate.   From a Probate Court the whole case would have to be carried forward on appeal notwithstanding that the entire controversy might relate to a simple and single issue of law.   We think that the Legislature did not intend this result.

4.   The case of *Singhi* v. *Dean*, 119 Maine, 287, was begun by a bill in equity in the Probate Court and brought to the Supreme Judicial Court on appeal in accordance with R. S., Chap. 67.

Jurisdiction not having been challenged the case is, of course, not decisive.

But the fact that the method of appeal invoked was not questioned either by the eminent counsel in the case or by the court is significant.

5.   Arguments supporting the opposing theory are plausible, but not convincing.  The word "concurrent" does not mean exclusive and final.   If so it would negative the right to resort to the Law Court. The lower court is given final jurisdiction subject to appeal.  *State* v. *Sinnott*, 89 Maine, 43.

The language "such jurisdiction may be exercised . . . according to the usual  course of  proceedings in equity" does not relate to procedure following the final decree of the Judge of Probate.  As contemplated by this section the jurisdiction of the Probate Court does not include the method of appeal from that court.

> *According to stipulation, case to stand for*
> *hearing in the Supreme Court of Probate.*