HAROLD O. CADY ET ALS TRUSTEES

*vs.*

LIZZIE M. TUTTLE ET ALS.

Cumberland.    Opinion April 4, 1928.

*Clarence W. Peabody,* for complainants.
*Benjamin G. Ward,* for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, BASSETT, PATTANGALL, JJ.
PHILBROOK, DEASY, STURGIS, JJ., non-concurring.

WILSON, C. J. A bill in equity seeking instructions as to the construction of a will and in relation to the administration of a trust created thereunder. The case is here on report, which consists of a copy of the will and the testimony of certain witnesses as

to relationship, age, and circumstances of one of the *cestui que trustent*.

The testator, Henry B. Cotton, residing at the time of his death in Cape Elizabeth in Cumberland County, died July 19, 1924, possessed of property amounting to approximately one hundred and twenty-five thousand dollars. His nearest relative was a niece, Lizzie M. Tuttle, one of the defendants and beneficiaries under the trust, who at the time of the making of his will in 1921 was nearly sixty years of age, and at the time of his death was sixty-two.

By his will, the testator, after a small bequest for the maintenance of a cemetery at North Conway in the State of New Hampshire where he formerly resided, gave all the rest and remainder of his property to the North Conway Loan & Banking Co., to be held in trust, the trustee to pay annually to the beneficiaries named the income on certain stipulated sums for a period of twenty years, the remainder of the income to accumulate and at the end of the twenty year period, the trust fund and its accumulation to be distributed, in the same proportion as the sums named on which each was to receive the annual income, among such of the individual beneficiaries as were then living, and to such of the charitable institutions named as beneficiaries as were then in existence, the will providing that should any of the persons named as beneficiaries of the trust die before the end of the twenty year period, which now has nearly seventeen years to run, or any of the institutions or corporations named as beneficiaries cease to exist within the trust period, the income formerly paid to them should thereafter revert to and become a part of the trust fund, to be divided among those living or in existence at the end of the trust period.

The principal sum named on which his niece Mrs. Tuttle was to receive the income was ten thousand dollars, which was double the amount on which any other beneficiary was to receive income. The will further provided that in case her proportionate share of the income on the entire trust estate thus determined should in any year fall below four per cent of the amount stipulated, or four hundred dollars, a sum sufficient to make up the deficiency should be taken from the principal. Mrs. Tuttle was the only beneficiary whose minimum annual income was fixed at four per cent.

It is estimated that in excess of the sums named on which income is to be paid annually to the beneficiaries named, there will be nearly one hundred thousand dollars in the trust fund at its inception, the income on which will accumulate during the entire trust period.

It is also estimated that Mrs. Tuttle's shares of the accumulations of the trust estate at the end of the twenty year period will, if she survives, exceed the sum of seventy thousand dollars.

All the beneficiaries of the trust named in the will have entered into an agreement, with alternative proposals, the purpose of which is to enable Mrs. Tuttle to receive at once a certain portion of the trust fund, namely twenty thousand dollars, by releasing her interest in the balance, and to one of which alternative proposals the trustee seeks the approval of the Court sitting in equity. We think this Court has jurisdiction under secs. 10, 11, Chap. 73 R. S., and the trustees are entitled to instructions as to the administration of the trust under the circumstances presented. *Elder* v. *Elder*, 50 Me., 535, 541. *Mann* v. *Mann*, 122 Me., 468.

The alternative proposals contained in the agreement entered into are: first, that the trustee with the consent of all the beneficiaries shall refuse to accept the entire trust fund leaving twenty thousand dollars in the hands of the executors, which under the will of Mr. Cotton would become intestate property and descend to Mrs. Tuttle as his next kin; or, second, that Mrs. Tuttle release to the trustee all her interest in the trust fund upon the payment to her of the sum of twenty thousand dollars.

The purpose of the parties is entirely commendable, and from the testimony in the case under the present circumstances very likely the result would not be displeasing to the testator, though not in accordance with his expressed intention in his will. This Court, however, can not make a new will for the testator. From the record, it is clear that he must have been aware of Mrs. Tuttle's age, her conditions in life, and for some reason best known to himself desired to have his property disposed of in the manner provided. A Court of equity, therefore, can give its sanction only to such procedure as the trustee and the parties interested may legally take under the will as drawn.

In case of passive trusts, courts may at any time decree their

termination, *Kimball* v. *Blanchard*, 101 Me., 383, 390; *Sears* v. *Choate*, 146 Mass., 395, or in case of active trusts when their purpose has been accomplished *Kimball* v. *Blanchard*, supra; *Dodge* v. *Dodge*, 112 Me., 291; or when all the beneficiaries shall release their rights thereunder and there is no good reason for its further continuance, *Dodge* v. *Dodge*, supra; *Paine* v. *Forsaith*, 86 Me., 357; *Smith* v. *Harrington*, 4 Allen, 566; Perry on Trusts, Sec. 920; *Angell* v. *Angell*, 28 R. I., 592; *Tilton* v. *Davidson*, 98 Me., 55, 59; *Inches* v. *Hill*, 106 Mass., 575.

We find no authority, however, for the rejection by a trustee under the circumstances existing here of a portion of a trust fund. The testator has provided that the entire remainder of his estate shall be disposed of in trust. This Court can not sanction a course of action by the trustee, even with the consent of all the beneficiaries, that will result in a portion of his estate becoming intestate property and thus circumvent his clear intentions.

The disposition of his property must stand as provided in the will. The testator, however, placed no restrictions upon the trustee in the investment of the funds or upon the beneficiaries' right of alienation. Either of the beneficiaries may, therefore, assign his interest in the trust fund without thwarting the will of the testator. Having laid no restriction upon them, they may alienate their interest at will, Pomeroy Eq. Juris. 1st Ed., Vol. II, Sec. 989; *Haley* v. *Palmer*, 107 Me., 314; *Buck* v. *Swasey*, 35 Me., 50; *Lawry* v. *Spaulding*, 73 Me., 33; *Young* v. *Snow*, 167 Mass., 287, 288, 23 R. C. L., 573, 575; *Ricker* v. *Moore*, 77 Me., 294; and the trustee may invest the trust funds in such form as the Court will approve.

Mrs. Tuttle, therefore, may alienate her interest as *cestui que trust* by assignment or release. She may release it to the other beneficiaries or to the trustee so long as no advantage is taken of her, and the transaction is in good faith. *Coates* v. *Lunt*, 210 Mass., 314, 318; *Brown* v. *Cowell*, 116 Mass., 461; Perry on Trusts, 5th Ed., Vol. I, Sec. 195; *Farnam* v. *Brooks*, 9 Pick., 212.

From the record in this case, an assignment or release by Mrs. Tuttle to the trustee of her interest in this trust fund for the sum of twenty thousand dollars would probably be for her interest. No advantage would be taken of her, it appearing from her

testimony that she fully understands her rights in the premises, and the sum she will finally receive if she survives the trust period. On the other hand, it can not be said that it may not also inure and perhaps greatly to the benefit of the other beneficiaries. We think the trustee has the power to, and is warranted under the circumstances in acquiring Mrs. Tuttle's interest in the trust fund on these terms, but for the benefit of the remaining beneficiaries. *A fortiori*, if all the other beneficiaries named assent. In effect it is an investment of a portion of the trust fund in the rights of Mrs. Tuttle in the fund under the will.

To what extent a trustee may invest the trust funds in acquiring the interest of one of the *cestui que trustent* must always be subject to the approval of the Court. Any agreement by all the *cestui* that would in effect result in a termination of the trust before the time fixed by the testator or that was contrary to the intent of the testator as expressed in his will, would, of course, not receive the approval of the Court. Each case must rest on its own facts. Cases may well arise in which it would be for the interest of the remaining *cestui* that the interest of one should not be disposed of to a stranger or when for some other sufficient reason it would be for the interest of all for the trustee to acquire it with the trust funds and hold it for the benefit of the other *cestui*. Such we conceive to be this case. Beyond that the approval of the Court should be withheld.

While the will contemplates a possible lapse of some of the bequests of the trust fund and provides that it shall be divided among those surviving, it makes no provision for its disposition in case of failure of all the *cestui* to survive the trust period. However, the possibility of a reverter to the estate of the testator by reason of the death of Mrs. Tuttle and the other individual beneficiaries before the end of the trust period, and the failure of all the charitable institutions, six in number, all being old and well established, to continue in existence until the end of the trust period, and such contingency not being expressly provided for in the will, is so remote as to require no consideration in the administering of the trust estate, Welch et al Trustees v. Trustees et als., 189 Mass., 108, if indeed, in the event of such a failure of all the *cestui que trustent* the trust fund under the will on becoming

intestate property would not descend to the next of kin of the testator at the date of his death, *Miller* v. *Miller*, 10 Met., 393, 400; *Roberts* v. *Wright* (R. I. 1927), 136 Atl., 486, 488, who was Mrs. Tuttle.

In such a case, no one of the beneficiaries named is injured, as their interest is contingent upon their surviving and continued existence. Whether the release by Mrs. Tuttle of all her interest in the trust estate would in any way affect the rights of her heirs, in the event of its becoming intestate property, it is not necessary to consider.

Bill sustained. The Court below may enter a decree authorizing the trustee to acquire by assignment or release the interest of Mrs. Tuttle in the trust fund for the sum of twenty thousand dollars, said interest to be held by the trustee as a part of the trust fund for the benefit of the other beneficiaries, named in the will in accordance with their agreement already entered into, and to be divided among those surviving the trust period, if any, and the charitable institutions in existence at the end of the trust period, if any, in accordance with the provisions of the will.

Reasonable counsel fees and disbursements of plaintiffs may be allowed by the Court below.

*So ordered.*