In re ESTATE of John CASSIDY.

Appeal from Decree of Judge of Probate.
Appeal of Edythe L. Rice DYER.

Supreme Judicial Court of Maine.

Dec. 26, 1973.

———◆———

Ralph A. Dyer, III, Boston, Mass., for plaintiff.

J. Woodrow Vallely, Sanford, Verrill, Dana, Philbrick, Putnam & Williamson by Roger A. Putnam, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

John Cassidy executed his will on February 21, 1906. He created a trust therein for the benefit of his five children and their lineal descendants which should endure until the death of his last surviving child. The testator died on March 25, 1918, leaving no widow and survived by four of his children and a grandchild, Edythe L. Rice Dyer, the appellant in this proceeding. The will was duly admitted to probate. The testamentary trust terminated upon the death of John Cassidy's last surviving daughter, Lucy, on January 9, 1961. The lineal descendants of the testator John Cassidy, in the nearest degree then comprised of six grandchildren.

A substantial estate had accumulated under the trust and its proper disposition was in dispute. On June 21, 1961, the trustee under the will petitioned by way of a declaratory judgment action in the Superior Court for Penobscot County for instructions relating to the making of a final distribution of the assets of the trust. By consent of all of the parties and upon an agreed statement of fact and issue, the case was reported by the Superior Court directly to this Court. By its opinion dated March 25, 1962, this Court decided the issue. Murray v. Sullivan, 158 Me. 98, 179 A.2d 307 (1962).

Pursuant to the mandate in *Murray*, the Superior Court for the County of Penobscot ordered, inter alia, final distribution. The trust estate was closed and the trustee discharged.

Thereafter, the appellant commenced a series of post judgment proceedings cataloged, in part, as follows:

June 19, 1962 Petition for review; Supreme Judicial Court of Maine; denied.

January 7, 1963 Petition for certiorari; 371 U.S. 949, 83 S.Ct. 501, 9 L.Ed.2d 497 (1963); denied.

April 29, 1963 Motion for leave to file petition for rehearing; 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 201 (1963); denied.

October 21, 1963 Motion for leave to file petition for rehearing; 375 U.S. 892, 84 S.Ct. 143, 11 L.Ed.2d 122 (1963); denied.

February 17, 1964 Motion for leave to file petition for rehearing; 376 U.S. 928, 84 S.Ct. 655, 11 L.Ed.2d 627 (1964); denied.

March 8, 1965 Petition for certiorari; 380 U.S. 932, 85 S.Ct. 938, 13 L.Ed.2d 821 (1965); denied.

April 26, 1965 Petition for rehearing; 380 U.S. 989, 85 S.Ct. 1329, 14 L.Ed. 2d 282 (1965); denied.

The matter presently in controversy was commenced by way of petition filed by the plaintiff in the Probate Court, Penobscot County and therein treated as an action for a declaratory judgment. After appropriate notice to all parties in interest, formal hearing took place. The principal pleading signed by the plaintiff here was filed pro se. By special leave of the Probate Court, the appellant's husband, a layman, was permitted without objection to present her case in the Probate Court. On October 16, 1969, the Judge of Probate

granted defendants' motion to dismiss the complaint and the plaintiff appealed to the Superior Court sitting as the Supreme Court of Probate. The appeal was challenged by the appellees' motion to dismiss. The Supreme Court of Probate allowed by its order that it would "treat the motion as a motion for judgment on the pleadings rather than rely on more narrow grounds of sufficiency of the 'appeal and reasons for appeal.'" The Justice below acting as the Supreme Court of Probate affirmed the decree of the Probate Court and dismissed the appellant's "petition." From this dismissal, the plaintiff appeals. We deny the appeal.

The doctrine of res judicata is determinative of the question before the Court as it relates both to the question of jurisdiction of the Superior Court and to the construction of a will.

## I. *Jurisdiction of Superior Court:*

The plaintiff now seeks an adjudication of the same cause of action previously litigated in *Murray.* The prior proceeding was by the trustee seeking instructions as to the final distribution of the estate trust. The trustee commenced his action in Superior Court pursuant to 14 M.R.S.A. § 5956(3) [1] and § 6051(10),

"The Superior Court shall have jurisdiction to grant appropriate equitable relief in the following cases:

. . . . . .

"10. To determine the construction of wills and whether an executor, not expressly appointed a trustee, becomes such from the provisions of a will; and in cases of doubt, the mode of executing a trust and the expediency of making

changes and investments of property held in trust."

■ The issue there presented (method of the trust distribution) was appropriately reported to this Court. That the Supreme Judicial Court has jurisdiction of actions reported to it wherein trustees under will seek instructions as to the distribution of the trust fund is without doubt. M.R.C.P. 72(b); Maine National Bank v. Petrlik, Me., 283 A.2d 660 (1971). The issues were resolved and "remanded to the Superior Court for an order for judgment. . . ." The trust corpus was then distributed among the trust beneficiaries and the trustee was dismissed of his duties.

The form of the present action is one for declaratory judgment for the construction of a will by employing the equity jurisdiction of the Probate Court under 4 M.R.S.A. § 252:

"The courts of probate shall have jurisdiction in equity, concurrent with the Superior Court, of all cases and matters relating to the administration of the estates of deceased persons, to wills and to trusts which are created by will or other written instrument. Such jurisdiction may be exercised upon complaint according to the usual course of proceedings in civil actions in which equitable relief is sought."

While her position is inarticulately postured, it is evident that the plaintiff seeks a redetermination of the trust previously construed by this Court in *Murray.* Her position bottoms itself upon the claimed proposition that the Probate Court is the only court of original jurisdiction authorized to enter a decree directing distribution of a trust. Her position incorrectly states the law of this State.

---

1. 14 M.R.S.A. § 5956 "Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin or cestui que trust in the administration of a trust, or of the estate of a decedent, an infant, lunatic or insolvent may have a declaration of rights or legal relations in respect thereto:

. . . . .

"(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

14 M.R.S.A. § 6051(10) confers on the Superior Court jurisdiction to grant appropriate equitable relief in matters relating to the construction of wills. 14 M.R.S.A. § 6051(10) supra; Hichborn v. Bradbury, 111 Me. 519, 90 A. 325 (1914); Cady v. Tuttle, 127 Me. 104, 141 A. 188 (1928). Such equitable jurisdiction is shared by the Probate Courts when by virtue of 4 M.R.S.A. § 252, supra, courts of probate shall have jurisdiction in equity concurrent with the Superior Court in construction of wills.

Concurrent jurisdiction means joint and equal jurisdiction. State v. Sinnott et al., 89 Me. 41, 35 A. 1007 (1896); Huston v. Dodge, 111 Me. 246, 88 A. 888 (1913); Norris v. Moody, 120 Me. 151, 113 A. 24 (1921); Strout v. Chesley, 125 Me. 171, 132 A. 211 (1926); Eastern Maine General Hospital et al. v. W. Harrison et al., 135 Me. 190, 193 A. 246 (1937).

We hold that the Superior Court had jurisdiction to enter its prior decree of distribution.

## II. *Finality of Will Construction:*

In a trustee's action for construction of a testamentary trust and for instruction, all persons interested in the subject matter are required to be parties. Hawes v. Bragdon, 66 Me. 534 (1877); McGilvery v. McGilvery, 152 Me. 93, 123 A.2d 777 (1956); Hitch v. Hitch, Me., 261 A.2d 858 (1970).

Plaintiff here was a party to *Murray* and obligated to litigate all issues.

When a court acts within its assigned capacity in the construction of a trust (under a will), that matter cannot be legitimately relitigated between the parties.

"A decree construing the will and determining the rights of the parties, if rendered by a court of competent jurisdiction, is binding upon all parties to the suit unless attacked directly by appeal or error. . . ." 4 Bowe-Parker: Page on Wills § 31.12. See also 96 C.J.S. Wills § 1094c.

". . . Public policy and the interest of litigants alike require that there be an end to litigation which, without the doctrine of res judicata, would be endless. The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, *or had an opportunity to litigate,* the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. The doctrine of res judicata not only puts an end to strife, but produces certainty as to individual rights and gives dignity and respect to judicial proceedings." Willette v. Umhoeffer, Me., 268 A.2d 617 (1970).

On remand the decree of the Superior Court acting within its competent jurisdiction in construing the Cassidy estate trust and determining the interest of the parties therein, being all the trust beneficiaries, is binding upon all parties unless successfully attacked directly on appeal. The issue cannot be relitigated to the harassment and vexation of an opponent. Conclusiveness in the construction of wills is a necessary element in the courts' supervision of estate administration.

In North v. Harris, 126 Me. 371, 138 A. 564 (1927), plaintiffs asked for construction of a will claiming that the testamentary trust did not terminate upon the death of the testator's last son, but rather still continued for their benefit. The Law Court determined that the trust had, in fact, ended and the corpus was "divested of the trust" and therefore the plaintiffs had no interest to ask the equity court to construe the will.

Equity will not assume jurisdiction of a bill for the construction of a will where any doubt as to the meaning of the

language of the will should have been removed by previous decisions.

"It should be said, however, that the court will not feel itself bound to answer all questions which can possibly be asked by a devisee. It must appear that the language of the will is such that the parties may reasonably have doubts concerning its true construction. Other parties should not be subjected to the trouble and expense of appearing in court, or the possible hazard of not appearing, in cases where there is no doubt." Haseltine v. Shepherd, 99 Me. 495, 504, 59 A. 1025, 1029 (1905).

By this proceeding and successive post judgment attacks on *Murray*, the plaintiff makes quite clear her intention to ignore the substance and validity of that decision. Dissatisfaction with her share of the trust estate is evident where she argues that "The Supreme Judicial Court of Maine should overrule its interpretation made in Murray v. Sullivan, supra (1962)—of what John Cassidy 'should' have intended when he executed his will in 1906." (sic.) This Court in *Murray* examined, discussed, and determined the legal effect of what John Cassidy said. It could give no heed to what he might or "should" have said. It is a rare testator who will dispose of his worldly goods to the full satisfaction of anticipating relatives. The competing and conflicting interests make full satisfaction well nigh impossible leading one to realize that "The man who wants to make an entirely reasonable will dies intestate."[2]

 While the defendants beseech this Court to deny plaintiff's appeal, they seek further a remand of this action to the Superior Court for a determination of reasonable counsel fees as ". . . there is only one way that the appellant will desist from her persistent course of conduct," which seemingly ignores judicial fiat of both the highest court of the State and the United States.

In denying the appellees' request for counsel fees, we recognize a statutory limitation allowing counsel fees in litigation involving trust matters. We admonish the plaintiff, however, of the inherent authority of this Court to impose pecuniary sanctions upon a litigant who contumaciously ignores orders having judicial finality, and who, as here, persistently and vexatiously pursues a litigious course of conduct to the harassment of the defendants and needless usurpation of judicial process.

The entry shall be,

Appeal denied.

All Justices concurring.

---

2. George Bernard Shaw, preface to, "Androcles and the Lion."