2011 ME 102

**KEY EQUIPMENT FINANCE, INC.**

v.

**Benjamin P. HAWKINS.**

Supreme Judicial Court of Maine.

Hearing: May 11, 2011.

Decided: Sept. 20, 2011.

Ralph A. Dyer, pro se.

No other counsel or party participated in the consideration of the motion.

No other counsel or party participated in the hearing.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

PER CURIAM.

[¶ 1]   On December 8, 2009, we certified an opinion in this case addressing several substantive issues on appeal. *Key Equip. Fin., Inc. v. Hawkins,* 2009 ME 117, 985 A.2d 1139.   In that opinion, we also concluded that multiple statements in the briefs filed by then-attorney Ralph A. Dyer[1] included intemperate, unfounded accusations regarding the competence and independence of the trial court.  *Id.* ¶¶ 21–24.   Because all of the information relevant to the imposition of sanctions was contained in the record before us on appeal, we imposed sanctions on the basis of the briefs and the record before us.   We ordered that Dyer pay a fine of $2,500 as a sanction for his conduct.  *Id.* ¶ 24.

[¶ 2]   Dyer paid that fine shortly after it was imposed and also moved for reconsideration.   We initially denied his motion. After further proceedings that are not relevant here, Dyer filed another motion with

---

1.   We understand that Dyer has resigned from the practice of law.

us asking to be heard personally regarding the imposition of the sanction. We granted his motion and held a hearing on May 11, 2011.[2]

[¶ 3] At that hearing, Dyer argued that we should have held a hearing before imposing sanctions pursuant to M.R.App. P. 13.[3] Because Dyer has now had an opportunity to be heard, that argument is moot. We address it nonetheless.

[¶ 4] Dyer has never argued, and does not now argue, that there are facts extrinsic to the record that would support the statements made in his appellate briefs. At the May 11 hearing, Dyer did not assert that he sought an opportunity to present evidence external to the proceedings or that he had been denied such an opportunity. Nor did he, at the hearing on May 11, provide additional information in support of his intemperate and baseless statements. Rather, Dyer argued that the trial court's rulings, findings, and decision, standing alone, justified his characterizations of that court. He further argued that no sanction should have been imposed because his intemperate language constituted legal advocacy on behalf of his client.

[¶ 5] At Dyer's request, however, having afforded him the hearing he requested, we now consider anew that same record, along with Dyer's presentation on May 11, to determine whether sanctions should be imposed.

[¶ 6] Dyer has not argued that we misunderstood him or that his language was actually appropriate. Nor has he challenged the $2,500 fine as excessive or suggested that a different sanction was appropriate. He argues that the sanction should not have been imposed at all because due process considerations dictate that an attorney must be permitted to challenge a decision as arising from bias or corruption, even when the attorney raises that challenge in an unprofessional and intemperate manner.

[¶ 7] Having now afforded Dyer the opportunity to be heard, and after careful consideration of his argument, we are unpersuaded. Although an attorney must be permitted to challenge or question a court's judgment by pursuing appellate review on behalf of a client, it is neither necessary nor acceptable for an attorney to prosecute an appeal in an unprofessional manner. Skilled and vigorous advocacy forms the foundation for successful practice of appellate law; making accusations of incompetence, bias, and corruption of lawyers or jurists without any basis or foundation does not. *See Gallop v. Cheney,* 645 F.3d 519, 521 (2d Cir.2011) (ordering an attorney to show cause why sanctions should not be imposed when the attorney disparaged the court without any evidentiary basis other than the court's ruling against the attorney's client); *Tyson v. Jones & Laughlin Steel Corp.,* 958 F.2d 756, 763 (7th Cir.1992) (determining that sanctions were appropriate on appeal based in part on an attorney's serious, groundless "allegations about the trial court's integrity"); *see also Nordberg, Inc. v. Telsmith, Inc.,* 82 F.3d 394, 398–99 (Fed. Cir.1996) (stating that "[a]ngry, intemperate verbal attacks have no place in this court" and could result in sanctions); *United States v. Brown,* 72 F.3d 25, 29 (5th Cir.1995) (noting that challenges related to a court's partiality should be made

---

2. We received a copy of the transcript of this hearing on June 7, 2011.

3. Dyer also argues that Rule 13 of the Maine Rules of Appellate Procedure does not provide

the authority to impose sanctions for intemperate statements unless the appeal is substantially frivolous. We do not read the rule that restrictively.

"only when substantiated by the trial record").

[¶ 8] We have cautioned Dyer about maintaining professionalism in his advocacy at least twice before. *See Johnson v. Amica Mut. Ins. Co.*, 1999 ME 106, ¶¶ 10, 12, 733 A.2d 977, 980, 981 (imposing sanctions on Dyer and his client when their actions, including a vague attack on the trial court's partiality, displayed disrespect for the court and an abusive consumption of court resources to address meritless claims on appeal); *In re Estate of Cassidy*, 313 A.2d 435, 439 (Me.1973) (warning of the court's authority to impose sanctions when Dyer's brief made clear his client's "intention to ignore the substance and validity" of a Law Court decision and "persistently and vexatiously pursue[ ] a litigious course of conduct to the harassment of the defendants and needless usurpation of judicial process[es]"); *see also Williams v. Carroll F. Look Constr. Co., Inc.*, 2006 ME 60, ¶ 2, 904 A.2d 416, 417 (imposing on Dyer's client treble costs and $1,000 toward plaintiff's counsel fees on the ground that the appeal was instituted primarily for delay).

 [¶ 9] Having afforded Dyer the opportunity to be heard, and having reconsidered the record and the prior instances where Dyer has been cautioned about maintaining professionalism in his advocacy, we conclude that the sanctions imposed earlier in this matter were appropriate.

The entry is:

Dyer's motion for reconsideration is DENIED.